# Bolling *v.* Smith.

*Statutory Action in nature of Ejectment.*

1. *Sale of decedent's lands, under probate decree; construction of petition.*—After the proceedings of the Probate Court, in the matter of an administrator's petition for an order to sell the lands of the decedent's estate, have ripened into an order of sale and sale made under it, a liberal construction will be placed on the allegations of the petition, in order to sustain the proceedings.

2. *Same, for equitable division; sufficiency of petition.*—An averment in the petition that the lands "can not be fairly, equally and beneficially divided among the heirs and distributees of said deceased, without a

[Bolling v. Smith.]

sale," being the equivalent of an averment that they can not be *equitably* divided without a sale (Code, § 2449), is sufficient to sustain the order of sale when collaterally attacked.

3. *Sale of lands for delinquent taxes; recitals and registration of deed to purchaser.*—The deed of the judge of probate, to the purchaser of lands sold for delinquent taxes, is *prima facie* evidence of the facts therein recited (Code, § 460), *only* when executed in substantial compliance with the requirements of the statute, *and* properly recorded.

4. *Same; limitation of action.*—The limitation of five years, prescribed as a bar to actions for the recovery of lands sold for delinquent taxes (Code, § 464), does not begin to run until the deed to the purchaser is properly recorded.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Samuel J. Bolling, against John A. Smith, to recover a tract of land containing 320 acres; and was commenced on the 12th April, 1882. The defendant pleaded not guilty, "and the statute of limitations of five years under a tax-deed;" and the cause was tried on issue joined on these pleas. It was proved on the trial, as appears from the bill of exceptions, that Augustus H. Thompson died seized and possessed of the land, in January, 1864; that on the petition of his administrator, J. W. Owens, the land was sold under an order and decree of the Probate Court, on the 25th November, 1880, the administrator himself becoming the purchaser; that the sale was reported to the court, duly confirmed, and a conveyance executed to the purchaser by a commissioner appointed by the court; and that said Owens, the purchaser, sold and conveyed to the plaintiff, by deed dated April 7, 1881. This was the plaintiff's claim of title. The defendant deduced title as follows: 1st, a deed from the judge of probate to J. W. Thompson, as the purchaser at a sale for delinquent taxes, which was dated November 24th, 1873; 2d, a deed from said J. W. Thompson to Mrs. A. M. Willis, which was also dated November 24th, 1873; and, 3d, a deed from Mrs. Willis (and others) to defendant, which, was dated March 22d, 1879. It was proved that said J. W. Thompson, under whom the defendant claimed, was a brother of said Augustus H. Thompson, and one of the heirs and distributees of his estate. The deed of the probate judge to said J. W. Thompson recited that the land was subject to taxation for the year 1870, and was sold by the tax-collector, in May, 1871, "in substantial conformity with all the requisitions of the statute," for the non-payment of taxes, with penalties, interest, and costs; that said J. W. Thompson became the purchaser, at the sum due ($16.25), which he paid to the collector; and that the property had not been redeemed within two years; but it did not recite to whom the land was assessed. This deed was duly acknowledged by the

[Bolling v. Smith.]

judge of probate, on the day of its date, before the clerk of the Circuit Court; but it was not recorded, until after the commencement of this suit. The plaintiff objected to the admission of said deed as evidence, (among other grounds) "because the same was not recorded until after commencement of this suit, and after plaintiff's right had attached." The court overruled the objection, and the plaintiff excepted. There were other objections to evidence, but they require no notice.

On this evidence, the court instructed the jury, at the instance of the defendant, "that although the tax-deed in evidence does not, of itself, devest the title out of the heirs of A. H. Thompson ; yet, if the defendants held under it for five years before the bringing of this suit, openly, notoriously, and continuously, claiming it as their own, then the plaintiff is barred, and he can not recover." The plaintiff excepted to this charge, and requested several charges in writing, each of which asserted, in effect, that adverse possession under the tax-deed did not begin until the deed was duly recorded. The court refused each of these charges, and the plaintiff excepted to their refusal.

GAMBLE & RICHARDSON, for the appellant.—By the express terms of the statute (Code, § 460), a deed for lands sold for taxes is required, not only to be signed and acknowledged by the judge of probate in his official capacity, but also to be "recorded in the proper record of titles to real property;" and without this registration, it is insisted, the statute of limitations does not begin to run in favor of the grantee. On the question of adverse possession, see, also, *Bernstein v. Humes*, 60 Ala. 602 ; *McCall v. Pryor*, 17 Ala. 533 ; *Cox v. Davis*, 17 Ala. 714 ; 47 Ala. 637 ; 69 Ala. 598 ; *Pickett v. Pope*, 74 Ala. 131 ; *Baucum v. George*, 65 Ala. 259 ; *Hendon v. White*, 52 Ala. 597.

E. CRENSHAW, and L. M. LANE, *contra.*—The charges given, as to the statute of limitations, assert correct propositions which are directly applicable to the facts in evidence.—*Pugh v. Youngblood*, 69 Ala. 296 ; *Jones v. Randle*, 68 Ala. 258 ; *Hall v. Root*, 19 Ala. 378 ; *Ladd v. Dubroca*, 61 Ala. 25 ; *Mills v. Clayton*, 73 Ala. 359 ; *Bell v. Denson*, 56 Ala. 444. If error was committed in any of the rulings against the plaintiff, it was error without injury, since he showed no title; the sale under the probate decree being void, because the administrator's petition does not state or show a statutory ground of sale.—*Robertson v. Bradford*, 70 Ala. 387.

CLOPTON, J.—The application of the personal representa-

[Bolling v. Smith.]

tive to the Court of Probate, for an order to sell the lands of the estate of Augustus Thompson, on which the plaintiff's title rests,contains the allegation, "that said lands can not be fairly, equally and beneficially divided among the heirs and distributees of said deceased, without a sale thereof." After the proceedings in the Probate Court have passed the domain of pleading, and ripened into a decree and sale, a liberal construction will be given to the petition, and every intendment in favor of its sufficiency made for the maintenance of the validity of the sale.—*King v. Kent*, 29 Ala. 542; *Pollard v. Hanrick*, 74 Ala. 334; *Whitlow v. Echols*, 78 Ala. 206. The allegations of the petition, although not in verbal conformity with the statute, are of equivalent import, and sufficient on a collateral attack. *Satcher v. Satcher*, 41 Ala. 26. Jurisdiction having attached by the filing of a sufficient application, subsequent errors and irregularities can not affect the validity of the sale.

The deed of the judge of probate, to lands sold for the non-payment of taxes, to the purchaser on default of redemption, if substantially executed as required by the statute, and *recorded in the proper record of titles to real property*, is *prima facie* evidence of the facts recited therein, in all the courts of this State, in all controversies and suits in relation to the rights of the purchaser, his heirs, or assigns, to the lands thereby conveyed.—Acts of Ala. 1868, § 87; Code of 1876, § 460; Acts of Ala. 1884–85, 59. The statute is in abrogation of the common-law rules of evidence, and compliance with its requisitions is preliminary and necessary to the competency of the deed. Substantial execution in accordance with the provisions of the statute, and registration in the proper record of titles, are essential to the admissibility of the conveyance, as evidence of its recitals. The bill of exceptions, which purports to set out all the evidence, does not disclose any proof of the record of the deed in the proper record of titles. In the absence of such evidence, or of proof *aliunde* of the sale, the deed is not admissible; and its recitals, in such case, are not *prima facie* evidence of the sale of the lands for taxes.

In *Jones v. Randle*, 68 Ala. 258, we held, the statutory bar to actions for the recovery of real property sold for taxes does not begin to run prior to the time the deed is executed by the judge of probate to the purchaser. The contestation was, whether the statute commenced to run from the time of the sale by the tax-collector. In *Lee v. Lassiter*, 68 Ala. 287, the question was, whether, the sale being void, this would preclude or stop the running of the statute of limitations, and it was held it would not. The deed had been recorded. In *Pugh v. Youngblood*, 69 Ala. 296, it was held that, although a conveyance of lands sold for the non-payment of taxes may not recite

[Bolling v. Smith.]

facts which would support the sale, it constitutes color of title, and adverse possession under it, for the period prescribed by the statute, will bar the entry of the true owner. In *Mills & Hooper v. Clayton*, 73 Ala. 359, it was held, if the purchaser takes possession under a tax-deed, or, having previously taken possession, he continues his possession under such deed, the statute of limitations is put in motion in his favor, from the date of his possession under the deed. In neither of these cases was any question made on the necessity of the record of the deed, and the cases must be restricted to the questions raised in each case. The rule on which each case rests is, that the statute commences running from the final, consummating act of sale; and the rule deduced from them is, that the statute commences running from the date, when, no matter by whom the action may be brought,—whether by the purchaser, or the original owner,—an inquiry can be legitimately and properly made as to the validity of the sale. The design of the statute is to allow, as the period for testing the validity of the sale, five years, and five years only, from the time a judicial inquiry can be had. The pivotal question, as to the commencement of the operation of the statute—the determinant time—is, when was adverse possession taken, or continued, under a deed of the judge of probate, which authorizes an inquiry into the validity of the sale, in a suit for the recovery of the land, whether brought by the purchaser, or the original owner.

Section 87 of the revenue law of 1868, as embodied in section 460 of the Code, provides, that the deed shall be signed by the probate judge in his official capacity, and acknowledged by him before some officer, authorized to take acknowledgments of deeds; and when substantially thus executed, and *recorded in the proper record of titles to real property*, shall vest in the purchaser all the right, interest, and estate of the former owner, in and to the land conveyed. The title and estate of the original owner are divested, and passed to another, by statutory proceedings merely; and to have this operation, they must strictly conform to the provisions of the statute. The statute is, also, in part enabling, providing a mode by which the purchaser may complete his title—"recorded in the proper record of titles to real property." The certificate of purchase is assignable, and until there is a record of the deed, no means are furnished, by which the original owner may certainly ascertain the adversary claimant. Whatever may have been the reasons, it suffices, that the legislature deemed it more protective of rights, to make the passing of the title and estate of the former owner dependent on the record of the deed, following its substantial execution. As no title was, or could have vested, until the deed was recorded, the statute of limitations of five years

could not commence to run prior to its record, in favor of, or against the purchaser. Our statute is, in this respect, a substantial copy of the Iowa statute; in construing which, it was said, in *Eldridge v. Knehl*, 27 Iowa, 160, which is cited approvingly, and followed in *Jones v. Randle, supra* : "Under our statute, the title does not vest in the purchaser, until the deed be 'executed and recorded in the proper record of titles.' When that is done, and not till then, will the statute begin to run. In other words, we hold that 'five years from the day of sale' means a *completed sale,* which vests the title in the purchaser."

The charges of the court, on the statute of limitations, are in conflict with these views.

It may not be improper to remark, that the revenue law of 1884–85 makes a different provision as to the time when the statute commences to run, which we have not considered, as this case is not governed by its provisions.

Reversed and remanded.