# Flowers, *et al. v.* Jernigan.

## *Statutory Action of Ejectment.*

1. *Tax deed; must be acknowledged by probate judge before it becomes operative as a conveyance.*—A tax deed to land sold for taxes and executed in 1884, before it is operative as a conveyance of title, it must, in accordance with section 460 of the Code of 1876, which was then in force, have been acknowledged by the probate judge and recorded in the proper record of titles to real property.

2. *Same; same; admissibility of such deed in evidence.*—Before a deed of a probate judge executed in 1884 to the purchaser of lands sold for delinquent taxes is *prima facie* evidence of the facts therein recited, as provided by section 460 of the Code of 1876, which was then in effect, it must have been executed by the probate judge and acknowledged and then recorded; and a deed executed by the probate judge and recorded without the acknowledgment, is not rendered valid by being acknowledged after its registration, and not again recorded, and such deed is not admissible in evidence as a conveyance of title to the lands described therein.

3. *Sale of land for delinquent taxes; limitations of action.*—The limitation prescribed as a bar to actions for the recovery of lands sold for delinquent taxes, does not begin to run until the deed to the purchaser by the probate judge is legally executed and recorded.

4. *Same; effect of quit-claim deed.*—Where a purchaser of land sold for delinquent taxes obtains the tax collector's certificate of purchase, which he afterwards assigns to another to whom is executed by the probate judge a void deed, a quit-claim deed from the original purchaser to the holder of the tax deed is ineffective to convey any title to him; it being shown that the grantor in the quit-claim deed had no other title or connection with the land, except that he was the bidder and purchaser at the tax sale.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. J. M. CARMICHAEL.

This was a statutory action of ejectment, brought originally by the appellee, H. R. Jernigan, against the

appellant, Luke Flowers, to recover the possession of certain lands specifically described in the complaint. The appellant, A. J. Arnold, was, on his own motion, made a party defendant as the landlord of Luke Flowers.

The plaintiff, to establish title to the land sued for, relied upon a tax sale of the land to one George P. Roberts, a transfer of the certificate of the tax collector, a quit-claim deed from Roberts to D. W. Jernigan, a tax deed from the judge of probate to D. W. Jernigan, and a deed from D. W. Jernigan and wife to the plaintiff. The tax sale was made by the collector on April 3, 1876, for the taxes due for the year 1875. The quit-claim deed from George P. Roberts to D. W. Jernigan was executed on August 8, 1881. After Roberts transferred his certificate of purchase at the tax sale to D. W. Jernigan, the judge of probate of the county executed a deed to said Jernigan conveying the lands sued for, which deed bore date March 31, 1884. This deed as filed was recorded on the day of its execution. The plaintiff offered to introduce this deed in evidence, and there was attached thereto the certificate of acknowledgment given by the justice of the peace, which certificate bore date August 17, 1885. The defendants objected to the introduction of this deed in evidence, upon the ground that it was not witnessed, and there was no certificate upon it that relieved it of the necessity of being witnessed, and because the certificate of acknowledgment does not show that it was acknowledged by the judge of probate as required by law. The deed was not filed for record after the certificate of acknowledgment was made by the justice of the peace. The court overruled the defendants' objection to the introduction of said deed in evidence, and to this ruling the defendants duly excepted.

The plaintiff introduced in evidence the quit-claim deed from D. W. Jernigan and wife to himself conveying the lands sued for, which deed was executed October 9, 1889.

D. W. Jernigan, as a witness, testified that when he bought the land from George P. Roberts there was no other person in possession of the land, and that Roberts put him in possession thereof. This witness further testified, upon cross-examination, that he did not know that Roberts was ever in actual possession of the land,

[Flowers, *et al.* v. Jernigan.]

The plaintiff, as a witness, testified that if George P. Roberts was ever upon the land he did not know it.

The defendant, A. J. Arnold, based his right of possession to the land upon a conveyance which was executed by one John Cockron to Allen Arnold in the year 1857, and upon a deed which was executed by Allen Arnold to the defendant on May 26, 1886, in both of which conveyances was included the lands here sued for. The testimony for the defendants tended to show that immediately after the execution of the conveyance from Cockron, who was then in possession of the land, to Allen Arnold, the latter went into possession thereof and so remained until the execution of the deed to the defendant, who had ever since been in possession of the land.

Among the charges requested by the defendants, and to the refusal to give each of which the defendants separately excepted, was the following: "If the jury believe the evidence in this case they should find for the defendants." There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

P. N. Hickman, for appellant, cited Code of 1876, § 460; *Bolling v. Smith*, 79 Ala. 535.

R. L. Harmon, *contra*, cited *Driggers v. Cassady*, 71 Ala. 529; *Pugh v. Youngblood*, 69 Ala. 296.

HEAD, J.—We are constrained to hold that the tax deed of the judge of probate to D. W. Jernigan, dated March 31, 1884, purporting to have been executed in pursuance of a sale of the land by the tax collector on the first Monday in April, 1876, for the payment of taxes for the year 1875, was improperly admitted in evidence. The deed, as we have said, bears date of execution March 31, 1884; it was recorded the same day; but, it was not acknowledged at all until August 17, 1885, and was not thereafter recorded. Its legal effect, as a conveyance, is governed by section 460 of the Code of 1876, then in operation. That section provides as follows: "The deed shall be signed by the probate judge in his official capacity, and acknowledged by him before some officer

authorized to take acknowledgments of deeds; and when substantially thus executed and recorded in the proper record of titles to real property, shall vest in the purchaser all right, title, interest and estate of the former owner in and to the land conveyed, and also the right, title, interest and claim of the State and county thereto, and shall be *prima facie* evidence in all the courts of this State, in all controversies and suits in relation to the rights of the purchaser, his heirs or assigns, to the land thereby conveyed, of the facts recited in the deed."

The preceding section prescribed forms of deed and certificate of acknowledgment.

It is plain that said section 460 makes the acknowledgment there required a substantial and essential part of the execution of the deed, and that, as necessary to a conveyance of the title, it must be so executed prior to its registration. The instrument in question, at the time of its registration, and as recorded, was of no validity whatever. It bore no legal evidence whatever of its execution. It was no deed. Nor did it become operative as a conveyance by the acknowledgment made afterwards, for the reason that, in that condition, it was never recorded as said section 460 required.—*Bolling v. Smith*, 79 Ala. 535; *Jackson v. Kirksey*, 110 Ala. 547.

If the plaintiff had shown possession of the land under the supposed tax deed for five years, the special statute of limitations of five years (or of three years as it was subsequently amended) under the revenue law, would not have availed him, for the reason that that period does not begin to run until the legal execution *and recording* of the deed, whereby the title passes, if, in respect of other requirements, the sale is regular.—*Doe ex dem. Hughes v. Anderson*, 79 Ala. 209; *Bolling v. Smith, supra*.

The tax deed, therefore, can be of no force or effect in this action. There was no evidence of adverse possession under it for ten years whereby it might serve as color of title.

The plaintiff, then, is left without a case. The quitclaim of Roberts to his grantor is of no avail, for Roberts is not shown to have had any title to, or connection with, the land, except that he was the bidder at the tax sale to whom the land was knocked down, and received the tax collector's certificate of purchase, which he assigned to plaintiff's vendor.

[First Nat. Bank of Birmingham v. First Nat. Bank of Newport.]

There was some testimony on the subject of possession by Roberts and his vendees. Whether it was sufficient to raise a presumption of title we need not decide, since the possession of the defendants and those through whom they claim was anterior to theirs. It is not material, therefore, to notice the title set up by the defendants.

The general affirmative charge ought to have been given for the defendants.

Reversed and remanded.