# Coker *v.* Ferguson's Adm'r.

*Statutory Action in nature of Ejectment.*

1. *Proof of deed.*—To render a deed self-proving, under our statutory provisions (Code, §§ 2154, 2158, 2145-6), it must not only be acknowledged or proved according to law, but must be recorded in the proper county within twelve months from its date; when not so recorded, its

[Coker v. Ferguson's Administrator.]

execution must be proved by one or more of the subscribing witnesses, if any, unless a sufficient excuse for their absence is shown; and if there are no attesting witnesses, its execution may be proved by any competent person who can testify to the fact, or to the handwriting of the grantor.

2. *Admission implied from signing deed as witness.*—The mere fact of signing a deed as an attesting witness does not, of itself, operate as an admission that the witness does not assert an adverse claim to the land conveyed, since he is not required or presumed to know the contents of the instrument when he attests it; but, if it be shown that he did in fact know its contents, the jury may consider it as such admission.

3. *Adverse possession against patentee or grantee of United States.*—A person claiming under a patent from the United States, or any one succeeding to his rights, may be barred of his right of entry or action by an adverse possession held continuously for ten years.


APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. LEROY F. BOX.

This action was brought by Thaddeus C. S. Ferguson (and, on his death, pending the suit, revived in the name of C. W. Brewton as his administrator), against Larkin Coker, to recover the possession of a tract of land, which was described in the complaint as "Fraction *D*, section two (2), township fifteen (15), range six (6) east, in the Coosa land district, and twenty (20) acres lying and being in the *south-west* quarter of the *south-east* quarter of section thirty-five (35), township (14), range six (6)," particularly designated by its boundaries; and was commenced on the 3d October, 1878. The defendant pleaded not guilty, and adverse possession for ten and twenty years; and issue was joined on these pleas. On the trial, as the bill of exception shows, the plaintiff deduced title under a deed from W. W. Crook and wife to John W. Tatum, dated December 5th, 1861, and a deed from said Tatum and wife to him (plaintiff), dated June 15th, 1863. The lands conveyed by Crook's deed to Tatum were described as said "Fraction *D*," and "the south-east quarter of the south-west quarter, and the west half of the south-east quarter," of said section thirty-five; and contained an express reservation of "all that part of the *south-east* quarter of the *south-west* quarter of said section thirty-five (35) that lies inside of Larkin Coker's field, supposed to be five or six acres;" and Tatum's deed to plaintiff conveyed the lands by the same descriptive words, and contained the same reservation. "It was admitted by the plaintiff," as the bill of exceptions states, that this reservation was incorrectly described in the deeds, and that the lands intended to be reserved should have been described as "that part of the *south-west* quarter of the *south-east* quarter of said section thirty-five (35) that lies inside of Larkin Coker's field, supposed to be five or six acres." Larkin Coker, named in this reservation contained in these deeds, was the defendant in this suit, and he was also

an attesting witness to Crook's deed to Tatum. "There was evidence tending to show that neither Crook nor Tatum ever had actual possession of that part of the south-west quarter of the south-east quarter of said section thirty-five (35) that is inside of Coker's field, and that they never had the actual possession of said fraction *D*. There was, also, evidence tending to show that said Crook, at the time he conveyed to Tatum, put said Tatum in possession of said fraction *D*, and of all of the south-west quarter of the south-east quarter of said section thirty-five (35) then outside of Coker's fence; and that Tatum when he sold to plaintiff, put the latter in possession of the same."

"The defendant read in evidence a patent from the United States to James H. Bagley, issued on the 2d September, 1850, for said fraction *D*, containing 57.06 acres; and showed, by competent evidence, that said Bagley died in 1866, intestate, leaving six children, one of whom is of unsound mind, and one is now under twenty-one years of age. The evidence showed that the defendant has owned and resided on the tract of land immediately east of said fraction *D*, ever since 1835; that he cleared a few acres on the east side of said fraction about thirty years ago, and has cultivated it from the time it was cleared until the present time, not claiming it as his own, and knowing that it was government land; and that he exercised dominion and control over all of said fraction, by cutting timber upon it for various purposes, and hauling lightwood from it, but not asserting ownership of it. The evidence showed, also, that the defendant, in 1873, cleared ten acres in the south-east corner of said fraction, and inclosed said ten acres with a fence, and has cultivated said ten acres, from year to year, ever since it was cleared; and the evidence showed, also, that he did not assert a claim to said fraction as his property until 1873, but has claimed it as his land ever since 1873. The defendant offered in evidence a deed made by Mary E. Meharg and her husband on the 9th September, 1873, conveying to him ten acres in the south-east corner of said fraction. There were two subscribing witnesses to this deed, and it was acknowledged before a justice of the peace on the day it was signed and delivered; but it has not been recorded. The defendant proposed to testify to the execution of this deed, and, after proving its execution, to read it to the jury; but the plaintiff objected to proving the execution of the deed in this way, and the court sustained the objection; to which the defendant excepted. The defendant proposed, also, to read in evidence a deed made by M. S. Moore, wife of J. M. Moore, and a deed made by T. E. Willbanks, wife of J. S. Willbanks, both being daughters of said James H. Bagley; said deeds being made on the 15th

[Coker v. Ferguson's Administrator.]

January, 1876, and conveying to defendant said fraction *D*. Neither of said deeds has a subscribing witness, and neither has been recorded; but each was acknowledged before a justice of the peace on the day they were signed. The defendant proposed to testify to the execution of said deeds, and, after proving their execution in this way, to read them to the jury; but the plaintiff objected to the introduction of said deeds, and the court sustained the objection; to which the defendant excepted."

The court gave the following charge (with others) to the jury, on the request of the plaintiff: " 3. If the jury believe, from the evidence, that the defendant was a witness to one of the deeds offered in evidence before them, they may look to that fact, and consider it as evidence of an admission by him that he was not holding adversely the lands therein mentioned and conveyed." The defendant excepted to this charge, and requested the following charge: "The patent to Bagley is evidence of a legal title to said fraction *D*, and the law presumes that said legal title remained in him until his death, and descended to his children on his death; and the law presumes that the title which descended to Bagley's children continues in them until it is conveyed by them by deed." The court refused this charge, and the defendant excepted to its refusal.

The several rulings to which exceptions were reserved, as above stated, are now assigned as error.

Jno. T. Heflin, for appellant.

Bradford & Bishop, *contra*.

STONE, J.—Our statutes—Code of 1876, §§ 2145-6—declare in what manner deeds are to be executed, to operate valid conveyances of land. They "must be signed at their foot by the contracting party, or his agent having a written authority; or, if he is not able to sign his name, then his name must be written for him, with the words 'his mark' written against the same, or over it; the execution of such conveyance must be attested by one, or, where the party can not write, by two witnesses, who are able to write, and who must write their names as witnesses." Section 2146: " The acknowledgment hereinafter provided for operates as a compliance with the requisitions of the preceding section upon the subject of witnesses." Section 2158 gives the substance and form of the certificate of acknowledgment, which the statute declares shall dispense with the necessity of witnesses. To be effective, the substance— every material ingredient—of that certificate, must be expressed in the writing. A literal compliance is not necessary.—*Sharpe*

[Lee v. Shivers.]

*v. Orme*, 61 Ala. 263 ; *Baucum v. George*, 65 Ala. 259 ; *Boykin v. Smith, Ib.* 294.   But, to constitute such deed self-proving, or evidence *per se*, it must not only be acknowledged or proven according to law ; it must have been recorded in the proper county, within twelve months from its date.—Code of 1876, § 2154.

The deeds offered in evidence by defendant, if certified in substantial compliance with the statute (§ 2158), were not void, but, not having been recorded within twelve months, they were not self-proving.   The one having attesting witnesses is governed by rules different from those having no subscribing witnesses.   The former must be proved by one or more of the subscribing witnesses, unless their absence is sufficiently accounted for.   The latter may be proved by any competent witness, who can testify to the *factum* of the execution, or to the handwriting of the grantor.—*Hatfield v. Montgomery*, 2 Por. 58 ; *Nolen v. Gwyn*, 16 Ala. 725 ; 1 Brick. Dig. 550 ; *Sharpe v. Orme*, 61 Ala. 263.

2.   The third charge given at the instance of plaintiff can not be vindicated.   A subscribing witness is not required to know the contents of a paper he attests.   All he is required to testify to, is the execution of the paper, which, in the case of a deed, implies signature and delivery.—Code, § 2159 ; 1 Brick. Dig. 550, §§ 290 to 293.   If it had been shown that Coker, when he witnessed the deed, knew its contents, the charge, postulating that fact, would have been free from error.

3.   There was some testimony tending to show an adverse holding of fraction *D*, or some part of it.   A patentee, or one holding in his right, may be barred of his right of entry, or right to defend, by ten years continuous adverse holding.   The charge asked by defendant pretermits this phase of the case, and, for that reason, was rightly refused.

Reversed and remanded.

*Statutory Action in nature of Ejectment.*

