[Tamplin v. Still's Adm'r.]

# Tamplin *v.* Still's Adm'r.

*Action for Money Had and Received under Deposit or Loan.*

1. *Sunday contracts; loan or deposit of money.*—A loan of money on Sunday is void as a contract, unless brought within some one of the statutory exceptions (Code, § 2138); but, when money is deposited on that day, not for use, but for safe-keeping, the liability of the person receiving it dates only from his subsequent conversion, or his failure or refusal to return it on demand; and the depositor may waive the tort, and maintain an action for money had and received, although the deposit was made on Sunday.

2. *Declaration of party; admissibility as part of res gestæ.*—In an action to recover money alleged to have been deposited by plaintiff's intestate with defendant, for safe-keeping, a witness for plaintiff, who was present at the intestate's house at the time the deposit was alleged to have been made, and who then returned to him, on his request, the bag alleged to contain the money, further testified that he then went into an adjoining room with the defendant, carrying the bag in his hand, and they had a conversation which she did not hear; and that the intestate "soon after came into the room where she was, *and told her he had let the defendant have the money to keep.*" *Held,* that this declaration, thus standing alone, was not admissible on the principle of *res gestæ,* it not being stated that the intestate returned without the bag.

3. *Entry in memorandum book by deceased person.*—An entry in a memorandum book kept by the plaintiff's intestate, and concerning which a conversation was had between plaintiff and defendant, though competent evidence as explaining the conversation, is not admissible as a memorandum made by the intestate, and can not be proved to be in his handwriting, when it does not appear that the handwriting was mentioned during the conversation.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. H. D. CLAYTON.

This action was brought by Mrs. Julia A. Still, as the administratrix of her deceased husband, Benjamin Still, against James Tamplin; and was commenced on the 21st November, 1881. The original complaint contained a count in trover for the alleged conversion by the defendant, on the 8th September, 1881, of $1200 in gold, and a count for money and received; but the count in trover was struck out by amendment, after demurrer sustained for misjoinder, and a special count was added, which alleged a deposit of the money in gold by plaintiff's intestate with defendant, and the defendant's subsequent failure and refusal to return it to plaintiff on demand, never having restored it to the intestate while living, and never having been requested by him to restore it. The defendant pleaded the general issue, and a special plea, which averred

[Tamplin v. Still's Adm'r.]

that the money sued for "was loaned to defendant by plaintiff's intestate on a Sunday, without any necessity for lending it on that day;" and issue was joined on both of these pleas.

On the trial, as the bill of exceptions states, the plaintiff testified as a witness for herself, and stated that, "about six weeks after the death of her said intestate, who died in July, 1881, and on the morning of the day on which the appraisement of his estate was to.be made, she was at the defendant's house, and sitting with him on his front porch, when he asked her, *What about the money said Still let him have to keep?* and she replied, that she did not know; that she found a blank book, a short time afterwards, in the pocket of a coat which said Still had been wearing, and sent word to the defendant that she had found a book showing how much he had received from said Still; that the defendant came to her house a few days afterwards, called her out to the front gate, and asked to see the book, and she showed him a certain entry in it; that defendant said he did not know, but did not think it was so much, and did not think it was over $800. Plaintiff then offered to prove, by said witness, that said entry was in the handwriting of said Still; and the court allowed the witness to so testify, against the objection and exception of the defendant. Said entry, as copied in the bill of exceptions, is dated "Sept. 18th, 1884" (?), and in these words: "*Let J. B. Tamplin have twelve hundred dollars to keep for me.*" The court permitted the entry to be read to the jury as evidence, "for the purpose of showing that plaintiff (witness) charged defendant with having received money from said Still in his life-time, and the amount thereof, and as explanatory of said conversation between plaintiff and defendant, and to supply what would otherwise make the remark of the witness incomplete; but stated to the jury, that said writing was not admitted for the purpose of showing that said Still let defendant have money, and was not evidence of that fact, and that they should only consider it as evidence of the amount she charged defendant with having received, and as though she had charged him with receiving that amount. The defendant excepted to the ruling of the court in admitting said entry as evidence for any purpose."

Mrs. Barnett, the plaintiff's mother, being examined as a witness for her, stated that, "in September, 1880, she was at the house of said Benjamin Still, and he had a bag about the size of a shot-bag, which contained something heavy, and which he asked her to keep for him; that he did not tell her what it contained, nor did she see its contents, but the bag was heavy; that she took the bag, and put it in a trunk, which she locked, hanging up the key in a room where she was waiting on plain-

tiff, who was very sick; that on one Sunday morning, about three weeks afterwards, defendant came to the house, and went into the parlor; that said Still asked her for the key of the trunk, and asked her to get the bag for him; that she handed the bag to him, and he carried it into the room where the defendant was; that she heard them talking, but could not understand what they said; that soon after said Still came into the room where she was, *and told her that he had let the defendant have the money to keep.*" The defendant objected to this last statement of the witness, contained in the words italicized, and duly excepted to the overruling of his objection.

The defendant, testifying as a witness for himself, gave a different version of the conversations between the plaintiff and himself, and denied that he had ever received from the intestate any money for which he had not afterwards accounted; and he produced two receipts given to him by the intestate, which were dated respectively in January and April, 1881. The plaintiff, testifying in rebuttal, stated that these receipts related to other matters, and had no connection with the money sued for. Exceptions were reserved by the defendant to several rulings of the court relating to this evidence, but they have no bearing on the questions here decided.

This being all the evidence, "the court charged the jury of its own motion, among other things, that if they should find, from the evidence, that the money sued for was received by the defendant on a Sunday morning (if it was received by him at all), this was no defense to the action, and did not prevent the plaintiff from recovering." The defendant duly excepted to this charge, and requested the following (with other) charges, which were in writing:

"1. If the jury believe, from the evidence, that plaintiff's intestate let the defendant have money, to be kept and used by him, and to be returned by him, then this was a loan; and if such loan was made on Sunday, then the contract was void, unless the evidence shows that there was some necessity for said Still to let defendant have the money on that day."

"3. If the jury find, from the evidence, that plaintiff's intestate let the defendant have money, to be kept and used by the defendant, and to be returned by him, this was a loan; and if such loan was made on Sunday, then the contract was void, and plaintiff can not recover."

"4. If the jury believe, from the evidence, that Benjamin Still in his life-time let the defendant have money, to be kept and used by him, and to be returned by him to said Still, and if the evidence further shows that this was done on Sunday; then the plaintiff can not recover in this action for money had and received, if the evidence further shows that there was no

necessity that said Still should have let the defendant have said money on that day."

" 6. If the jury find, from the evidence, that said Benjamin Still in his life-time let defendant have money, to be kept and used by him, and to be returned by him to said Still when called for, then this was a loan ; and if such loan was made on Sunday, then the contract was void, and plaintiff can not recover in this action for money had and received, unless the evidence furthers shows that there was some necessity that said Still should have let defendant have said money on that day."

The court refused each of these charges, and the defendant excepted to their refusal ; and he now assigns their refusal as error, together with the charge given, the several rulings on evidence to which he reserved exceptions, and other matters which require no notice.

ARRINGTON & GRAHAM, for appellant.—(1.) The plaintiff ought not to have been allowed to testify to the handwriting of .the entry in the memorandum book ; because the entry itself was not competent evidence, and she was not a competent witness to prove the handwriting.—*Davis v. Tarver*, 65 Ala. 98. (2.) The testimony of Mrs. Barnett to which exception was reserved, as to the declaration of her intestate, ought to have been excluded from the jury, because said declaration was no part of the *res gestæ.—Railroad Co. v. Hawk*, 72 Ala. 112. (3.) If the defendant's special plea was defective, a demurrer to it should have been interposed, and it can not be treated as presenting an immaterial issue.—*Mudge v. Treat*, 57 Ala. 1 ; *Farrow v. Andrews & Co.*, 69 Ala. 96. (4.) If the money was loaned on Sunday, the contract between the parties is void by statute, and no recovery can be had upon it.—Code, § 2138 ; *Meader v. White*, 66 Maine, 90 ; *Troewert v. Decker*, 51 Wisc. 46 ; *Meyers v. Meinrath*, 101 Mass. 366 ; *Gunderson v. Richardson*, 56 Iowa, 56 ; *Kenney v. McDermott*, 55 Iowa, 674 ; *Block v. McMurry*, 56 Miss. 215, or 31 Amer. Rep. 357.

NORMAN & SON, and W. D. WOOD, *contra*. (No brief on file.)

STONE, C. J.—The testimony given for plaintiff in this cause tends to show, that Benjamin Still deposited the little bag, with its contents, with Tamplin, the appellant. There is not the slightest testimony tending to show it was a loan. If it was a deposit, it was a deposit for safe-keeping, not for use ; and if so deposited, the presumption is he retained it, and retained it unaltered, until the proof shows the contrary. There being no proof that Tamplin made any use of whatever was

[Tamplin v. Still's Adm'r.]

deposited with him, if any thing, his liability for its return will date from the time its return was demanded, and he refused or failed to return it. In such case, even if he received money on Sunday for safe-keeping, and kept it over till Monday, or a later day, and then used it, this would be a conversion, for which an action would lie.—*Flanagan v. Meyer*, 41 Ala. 132. And if he so received the package, and afterwards converted the contents, plaintiff could waive the tort, and sue in assumpsit for so much money had and received; and such waiver would only have the effect of converting the tort into a constructive contract, taking effect, as such, at the time of the conversion. If the case supposed above be the true facts of the transaction in controversy, then it was not such a contract made on Sunday, as falls within section 2138 of the Code of 1876. Under these principles, the Circuit Court committed no error in the charge given, nor in the refusals to charge as asked. We need scarcely add, if there had been any testimony that the transaction was a loan, then charges one, three, four and six, asked by defendant, ought to have been given.

2. Mrs. Barnett, witness for plaintiff, testified that, on a Sunday morning, Mr. Still, plaintiff's intestate, carried the bag, which it is claimed contained coin, into the parlor of his own dwelling, and there had an interview with Tamplin, the defendant. She heard the voices, but could not distinguish the words. She further testified, against the objection and exception of defendant, "that soon after, said Still came [returned] into the room where witness was, and told her that he had let the defendant have the money to keep." This testimony was offered and received as a *res gestæ* declaration. What was the transaction, or thing done, which this remark could tend to elucidate? The proof only informs us he returned to the room in which the witness was, after having had an interview with Tamplin in another room, and made the remark. If he went out, carrying the bag, and returned without it, and then immediately made the remark attributed to him, this would have been the expression of a natural impulse—an explanation of the fact that he returned without the bag, when he had recently before carried it out with him. Offered alone as it was, with no material fact in proof before the court which it could tend to elucidate, the Circuit Court erred in receiving it.—1 Greenl. Ev. § 108; *Ala. Great Southern R. R. Co. v. Hawk*, 72 Ala. 112.

3. The Circuit Court also erred in permitting plaintiff to testify that the entry in the little book was in the handwriting of her deceased husband. That entry was made testimony, only as tending to explain more fully the conversation plaintiff and defendant had held in regard to it. It is not shown that,

in that interview, any thing was said in regard to the hand-writing. . It was admissible in evidence as part of a conversation; not as a memorandum made by intestate.

Other questions are raised, but there is nothing in them.

Reversed and remanded.

CLOPTON, J., not sitting, having been of counsel.