| 82 | 463 |
| 93 | 214 |

# McHan *v.* Ordway, Dudley & McGuire.

*Bill in Equity by Mortgagee as Purchaser at Mortgage Sale.*

1. *Purchase by mortgagee at sale under power; equitable rights and remedies.*—When the mortgagee becomes the purchaser at his own sale under the power contained in the mortgage, he may come into equity to have the sale confirmed, and his title perfected ; and may offer in his bill to have the land resold, at the option of the mortgagor.

2. *Same; extent of relief.*—The jurisdiction of the court having attached under such a bill, it will make its administration of justice effectual for the purposes of complete relief, notwithstanding a fraudulent collusion between the defendants for the destruction or suppression of the unrecorded deeds ; but the allegations of such fraudulent collusion are not essential to the equity of the bill.

3. *Purchaser from mortgagor; when proper party to bill.*—A subsequent purchaser from the mortgagor, holding in subordination to the rights of the mortgagee, is a proper party defendant to the bill asking a confirmation of the sale, or a re-sale at the option of the mortgagor ; and he can not object to the litigation of his rights and title in equity, as an adverse claimant may when he holds the legal title.

[McHan v. Ordway, Dudley & McGuire.]

APPEAL from the Chancery Court of Blount.

Heard before the Hon. THOMAS COBBS.

The original bill in this case was filed on the 5th November, 1883, by the appellees, suing as late partners, and as purchasers at their own sale of a tract of land mortgaged to them by William Conant, against the said Conant and James McHan; and prayed a confirmation of said sale, or a re-sale at the option of said Conant, and an account of rents and profits against McHan, who was in possession of the land. On a former appeal to this court, from a decree overruling a motion to dismiss the bill for want of equity, it was held that the bill contained equity, so far as it asked a confirmation of the sale (or a re-sale); but certain defects were pointed out, which required amendment; and the cause was remanded, in order that it might be amended, if possible.—*McHan v. Ordway, Dudley & McGuire*, 76 Ala. 347. After the remandment, the bill was amended in several particulars, obviating the defects pointed out; and the cause is again brought up on appeal from a decretal order overruling a motion to dismiss the bill for want of equity.

The material facts, as alleged in the bill as finally amended, were these: The mortgage executed by Conant to the complainants, which was dated February 13th, 1878, signed by him and his wife, duly acknowledged and recorded, was given to secure his promissory note for $1,270, and contained a power of sale on default. Default having been made in the payment of the note at maturity, the complainants advertised and sold the lands, under the power, on the 17th February, 1879, becoming themselves the purchasers at their sale. At the time the mortgage was executed, Conant was in possession of the tract of land, claiming it as his own, and exercising acts of ownership over it; and he had obtained it by purchase from said McHan, having paid the agreed purchase-money, or by exchange for other lands which he had conveyed to said McHan. After the execution of the mortgage to the complainants, of which McHan had notice, he and Conant entered into a fraudulent combination or conspiracy to cancel the contract between them, and to destroy or suppress the deeds which they had executed to each other; and McHan was placed by Conant in possession of said tract of land. After their purchase at the sale under the mortgage, the complainants brought an action at law against McHan, to recover the possession of the land; but they failed to recover, because they could not prove that Conant had the legal title to the land at the time he executed the mortgage, the deeds having been suppressed or destroyed pursuant to said fraudulent conspiracy be-

[McHan v. Ordway, Dudley & McGuire.]

tween him and McHan, On these facts, as alleged, the bill prayed, "that the legal title to said lands be divested out of the defendants, or either of them, and that complainants be invested with the same ; that the sale made by complainants, under said mortgage, be in all things confirmed, or, if agreeable to the desire of said Conant, a re-sale be made under the order and decree of the court, and complainants be put in possession of said lands ; that it be referred to the register to take and state an account of the annual value of the rents of said lands since the sale under said mortgage, and said McHan be required to account to complainants for the same ;" and for other and further relief under the general prayer.

C. F. HAMILL, for appellants.

W. T. L. COFER, contra.

SOMERVILLE, J.—1. The complainants, as mortgagees, and purchasers at their own sale under the power of sale in the mortgage, were authorized to come into a court of equity, in order to have their purchase confirmed, and their title perfected ; and they could offer in their bill to have the lands resold, at the option of the mortgagor. This was settled when the case was last before us on appeal.—*McHan v. Ordway*, 76 Ala. 347. On the authority of that decision, we hold that the amended bill had equity, and the motion to dismiss it was properly overruled.

2. This being true, no additional ground of jurisdiction was needed, and the allegations of a fraudulent collusion between the defendants, to destroy the deeds to the land, and withhold them from the record, to the injury of complainants and the prejudice of their title, were needless to confer jurisdiction on the court, or to give the bill equity. Having assumed jurisdiction for one purpose, the court could retain it, so as to make its administration of justice effectual for the purpose of complete relief. - *Johnson v. Smith*, 70 Ala. 108 ; 1 Story's Eq. Jur., § 64 (k).

3. There is nothing, we think, in the suggestion, that, as against the appellant, McHan, the present suit is a mere effort to bring into a court of chancery a naked contest as to the legal title of the mortgaged premises. Taking the allegations of the bill to be true, which we must do on motion to dismiss for want of equity, McHan acquired his interest in the property *subseque t* to the execution of the mortgage by Conant to the complainants, and with full notice of it, and was owner, therefore, of nothing more than

[Owens v. Hobbie & Teague.]

the equity of redemption in the mortgaged premises. Holding thus by privity of derivation from the mortgagor, he held in subordination to the rights of the complainants derived from the mortgage, and was a proper party defendant to the suit. He does not belong to that class of adverse claimants who can object to the litigation of their titles in a court of chancery.—*Randle v. Boyd*, 73 Ala. 282, 287; 2 Jones on Mort., §§ 1439, 1440; *Lyon v. Powell*, 78 Ala. 351.

The decree of the chancellor is free from error, and is affirmed.