## Orr *v.* Blackwell.

*Bill in Equity by Mortgagee, as Purchaser at Sale under Power.*

1. *Purchase by mortgagee at sale under power; equitable relief to.* When a mortgagee becomes the purchaser at his own sale under a power in the mortgage, without authority conferred by the instrument itself, he may come into a court of equity to have the sale confirmed and his title perfected; and may offer in his bill to have the sale set aside, at the election of the mortgagor, and the land resold under the order of the court.

2. *Prior mortgagee as party to bill.*—When the lands conveyed by the complainant's mortgage were subject to the lien of a prior mortgage, the validity of which he does not dispute, he may make the prior mortgagee a party defendant to his bill, seeking the confirmation of his own sale at which he became the purchaser, or a re-sale at the option of the mortgagor, in order that the whole title may pass at a re-sale; and if the prior mortgage conveyed additional lands, he may require the prior mortgagee to exhaust them before resorting to the land conveyed by both of the mortgages.

[Orr v. Blackwell.]

3. *Certificate of acknowledgment to conveyance by husband and wife.*
When a conveyance of lands by husband and wife is properly ac-
knowledged and certified (Code, § 1802), its validity is not affected
by an additional defective certificate of acknowledgment by the wife
on examination apart from her husband (§ 2508), it not appearing that
the land conveyed is the homestead, but the latter certificate will be
rejected as surplusage.

APPEAL from the Chancery Court of Morgan.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 18th January, 1888, by
Samuel Blackwell against Horace Orr and his wife, and J. S.
Turney was also joined as a defendant; the facts alleged being
these :   On the 13th January, 1885, Orr and wife executed to
the complainant their promissory note for $310, and a mort-
gage on a small parcel of land in Hartselle to secure its pay-
ment.   The land was at that time subject to a prior mortgage
in favor of Turney, but his mortgage also conveyed another
tract of land.   The complainant's mortgage contained a power
of sale, but did not authorize him to become the purchaser at
the sale.   On 13th August, 1887, the complainant's debt being
unpaid, he sold the land under the power in his mortgage, be-
coming himself the purchaser, at the price of $390, the amount
due on his debt, principal and interest, as he claimed; and he
then filed his bill in this case, praying relief as follows :
(1) a statement of his mortgage debt, and also a statement of
the mortgage debt due Turney, which was alleged to be past
due; (2) that Turney be required to exhaust the additional
property conveyed by his mortgage, before resorting to the
land conveyed by the complainant's mortgage; (3) that the
sale and purchase by complainant under his mortgage "be con-
firmed, unless the said Horace Orr and wife desire a re-sale
thereof;" and (4) for other and further relief under the gen-
eral prayer.

The defendants demurred to the bill, jointly and severally,
for want of equity, and on the ground that Turney was im-
properly joined as a defendant; but their demurrer was over-
ruled.   Orr and his wife then filed an answer, denying the
validity and the execution of the mortgage; alleging that
they owed Blackwell nothing at the date of the instrument,
their signatures to it were procured by fraud, and that they
had paid Blackwell everything they owed him at any time.
On final hearing on pleadings and proof, the chancellor held
that none of the defenses were sustained; and the register
having reported that the amount due on the mortgage debt at
the time of the sale under the power was $354, he ratified and
confirmed the complainant's purchase at that sale, vesting in
him all the right and title of said Orr and wife, subject to the

prior lien of Turney's mortgage for any balance that might remain after exhausting the other lands.

The final decree, and the decree on the demurrers, are now assigned as error.

WERT & SPEAKE, for appellants.

E. W. GODBEY, contra.

COLEMAN, J.—1. The appellee, Blackwell, was the assignee of the mortgage, and became a purchaser at his own sale of the mortgaged lands. He may, therefore, come into equity to have the sale confirmed, and his title perfected; and may offer in his bill to have the land resold, at the option of the mortgagor. The equity of the bill in these particulars is fully supported by the authorities.—McHan v. Ordway, 82 Ala. 463; s. c., 76 Ala. 347.

2. The bill does not assail, but impliedly admits, the validity and priority of the mortgage executed by the defendant Orr to Turney. The latter was, therefore, a proper party defendant to the bill as a prior incumbrancer; not with the view of contesting his title, for no such purpose is disclosed in the bill, but for the purpose of making a sale of the whole title, and of paying off such incumbrances, so far as equitable, from the proceeds of sale.—2 Jones on Mortg. § 1439; Randle v. Boyd, 73 Ala. 262, 287. The defendant Turney, moreover, had embraced in his mortgage some land not included in that of the complainant. He could be compelled, therefore, on the principle of marshalling securities, to exhaust his separate fund before resorting to that part of the land embraced in both mortgages as a common fund. He was properly made a defendant for this additional reason.—Anderson v. Ala. Gold Life Ins. Co., 72 Ala. 32.

3. The land conveyed by the Blackwell mortgage belonged to the husband, Horace Orr, not to his wife, and it embraced no part of the homestead proper. No examination of the wife separate and apart from the husband was required, and hence no certificate of the fact was necessary under section 2508 of the Code. The form of acknowledgment complied with section 1802 of the Code, 1886, and the portion of it relating to the wife's examination was surplusage. Conceding that this part was defective, the sufficiency of the remainder would be entirely unaffected.

The demurrer to the bill was properly overruled, the other grounds of demurrer, not noticed, being manifestly bad and untenable.

[DeJarnette v. McDaniel.]

We have examined the testimony as to the signing of the mortgage executed to Blackwell by the makers, Orr and wife, and the question as to its satisfaction or payment. Our opinion is, that the mortgagor and his wife signed the paper voluntarily, and without any fraud, coercion, or undue influence. And the evidence, we think, supports the conclusion of the register as to the amount found to be due.

The foregoing opinion was prepared by Judge SOMERVILLE, and adopted by the court.

Affirmed.