183 So. 857

**CARROLL et al. v. CARROLL et al.**

**8 Div. 840.**

Supreme Court of Alabama.

Oct. 13, 1938.

D. Isbell, of Guntersville, for appellants.

Claud D. Scruggs, of Guntersville, for appellees.

present consideration for the making of this deed and that the conveyance, was based wholly on existing indebtedness and that the mortgage and notes making up almost the entire indebtedness constituting the consideration for this conveyance was not delivered up, but was still held by the mortgagee and payee of said notes and not yet paid according to defendant's testimony, and that the deed was simply made in a way to secure said indebtedness and made at the suggestion of the payee of the notes to the daughter of said mortgagee and, as stated, without any present consideration other than said indebtedness."

The statement of the facts is as follows: On August 1st, 1896, Minerva Carroll, the wife of Wm. A. Carroll, executed to him a deed of date of August 1, 1896. It conveyed the lands in question; was witnessed by J. V. Carroll and A. L. Woodham; J. W. Loyd, a Justice of the Peace, took the acknowledgment. The acknowledgment follows the Code form as prescribed by the Code of 1896, with the exception that following the words "being informed," the words "of the contents" were omitted.

When the case was tried, the parties to the instrument, Minerva Carroll, Wm. A. Carroll, the witness thereto J. V. Carroll, and the officer taking the acknowledgment, J. W. Loyd, were dead. A. L. Woodham, one of the witnesses, was then and is now living. The grantor, Minerva Carroll, died in 1919. The deed was filed for record and recorded on June 4, 1919.

Thereafter, W. A. Carroll, the grantee in the foregoing conveyance, executed, together with A. Z. Carroll, one of the appellants, a mortgage to the Union Central Life Insurance Company on these and other lands for $1,250, which mortgage J. U. Carroll is the holder of, it having been transferred to him by the mortgagee Insurance Company. Following the execution of the aforesaid mortgage, on to wit January 18, 1927, W. A. Carroll executed to J. U. Carroll a mortgage on said land, together with other lands, for $750. A. Z. Carroll signed the note but not the mortgage. On the first day of March, 1929, W. A. Carroll executed to John U. Carroll, his brother, another mortgage for $406.36. A. Z. Carroll signed the mortgage, but did not notarize it.

Following the execution of the last mentioned mortgage the lands were sold for state and county taxes and were bought in by J. U. Carroll, who later transferred his

THOMAS, Justice.

The bill sought the cancellation of a conveyance alleged to be a forgery. The decree sustained the validity of this conveyance.

It was further decreed, "that the complainants are entitled to relief under that theory of the bill and prayer asking for relief on the theory that the deed dated October 31, 1932 of W. A. Carroll to Eula Carroll Woodham should be declared a mortgage. It appears that there was no

certificate of the tax purchase to Eula Carroll Woodham, his daughter. Later W. A. Carroll made a deed conveying the land to Eula Carroll Woodham in consideration that John U. Carroll, his brother, deliver up to him a chattel mortgage not executed by any of the landholders, which was delivered up, and that Eula C. Woodham assume and pay the balance due on all the mortgages to her father, John U. Carroll. The lands were assessed for taxation and the tax paid by W. A. Carroll from 1896 down to 1932. Eula Carroll Woodham has paid the taxes since that time. Some two years after the deed was executed by W. A. Carroll to Eula Carroll Woodham, W. A. Carroll died.

Some of the children of W. A. Carroll, and all of his grand-children whose parents were deceased, filed the bill against one of his children and against J. U. Carroll and Eula Carroll Woodham alleging the deed of Minerva Carroll to W. A. Carroll to be a forgery. It sought to have the lands sold for a division among W. A. Carroll's heirs at law, and in effect to quiet title against J. U. Carroll and Eula Carroll Woodham.

The testimony is without dispute that Minerva Carroll and her husband visited on a Sunday in August, 1896, at the home of his brother J. U. Carroll, and that on Monday morning Mr. Loyd, a Justice of the Peace, was sent for; that he wrote a deed and Mrs. Carroll signed it; and that it was witnessed by the said two attesting witnesses in each other's presence, and in her presence, and that the deed was on that Monday morning delivered to W. A. Carroll. This was proven by one of the attesting witnesses, the handwriting of the other was proven, the handwriting of the Justice of the Peace was proven and the deed was written in his handwriting, and it was proven by three or four other witnesses that they had seen him with the deed in his possession; therefore, remained in his possession until he conveyed it to the appellee Woodham.

Several propositions are discussed in brief for appellant, viz.: that the deed was not delivered during the lifetime of Minerva Carroll; that it was not self-proven; that the acknowledgment did not follow the language laid down by the Code of 1896, which would make the deed void.

■ It is declared that assignments of error are presumed to have been waived when not argued in appellant's brief. Brown v. Mobile Electric Co., 207 Ala. 61, 91 So. 802; Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158.

■ The burden rests upon the party attacking an acknowledgment to show that the acknowledgment is insufficient under the law. Loyd v. Oates, 143 Ala. 231, 38 So. 1022, 111 Am.St.Rep. 39. The Code requires a person executing such deed to be "informed of the contents of the conveyance." § 6845 Code, same as § 996, Code of 1896. Appellants insist that since the words "of the contents" are not in the certificate of acknowledgment, that the paper is void. Parker v. Boutwell, 119 Ala. 297, 24 So. 860.

■ The rule laid down by this Court is that the acknowledgment will be held sufficient provided the substance of the provisions of the statutes are embodied in the certificate of acknowledgment. For example, in the case of Jackson et al. v. Kirksey et al., 110 Ala. 547, 18 So. 304, 306 relied upon by appellant, the following language is found, "the certificate should substantially conform to the only model therein given."

In East Tennessee, V. & G. R. Co. v. Davis, 91 Ala. 615, 8 So. 349, it is said of an acknowledgment of conveyance that it [page 352], "* * * must contain all that is of substance in the form given;" and in Baines v. Williams, 195 Ala. 525, 70 So. 644 is the language [page 645], "* * * No terms of equivalent import are found in the acknowledgments." And in the case of Abney, et al. v. DeLoach, 84 Ala. 393, 4 So. 757, this language is employed [page 761]: "There is no acknowledgment, it is said, that they were informed of the contents of the paper; only an acknowledgment that they executed it. This criticism is too severe and technical." The holding was that the acknowledgment was in substantial compliance with the form prescribed in the statute.

In the case of Parker v. Boutwell, 119 Ala. 297, 24 So. 860, is the language [page 862]: "When a certificate of acknowledgment does not contain the statutory phrase, showing that the grantor acknowledged that he was 'informed of the contents of the conveyance,' or words of equivalent import, it is fatally defective." And in Stamphill v. Bullen, 121 Ala. 250, 25 So. 928, the certificate did not show that the act was voluntary or that the grantor was informed of the contents of the instrument, and it was held that it was not a substantial compliance.

All of the authorities hold, in this state, that if there was a substantial compliance, the certificate contains substantially the form set out by the Code, there is compliance with our statute. The following authorities illustrate this holding: Carter v. Doe, 21 Ala. 72; Sharpe v. Orme, 61 Ala. 263; Coker v. Ferguson's Adm'r, 70 Ala. 284; Goree v. Wadsworth, 91 Ala. 416, 8 So. 712; Orr v. Blackwell, 93 Ala. 212, 8 So. 413.

It is urged by appellees that this was a substantial compliance with the statute, for if Mrs. Carroll was informed of the instrument or conveyance, she was certainly informed of its content. We hold that the instant acknowledgment was insufficient in not reciting the fact that the grantor was informed of the contents of the conveyance.

The defective acknowledgment, however, operated as an attestation by the justice. That is, it is declared that an acknowledgment, though defective, will amount to an attestation of the officer making the same under our code, relating to attestations of a deed or mortgage. Purser v. Smith, 200 Ala. 573, 76 So. 931; Veitch v. Hard, 200 Ala. 77, 75 So. 405. And it is further held that a deed thirty years old or more is self proven and is presumed to be genuine. Carter v. Doe, supra; McMillan v. Aiken, 205 Ala. 35, 88 So. 135. Such is the effect of this ancient attestation.

The appellants insist the deed is void because of its date,—that the first day of August, 1896, was Sunday. They admit this was a gift of Minerva Carroll to W. A. Carroll, her husband. An instrument in the form of a gift is not prohibited under Section 6821, Code of 1923, the same as the statute in effect in August, 1896. Flanagan v. Meyer, 41 Ala. 132; Tamplin v. Still's Adm'r, 77 Ala. 374; Wheeler v. Glasgow, 97 Ala. 700, 11 So. 758. A deed takes effect upon the day of its delivery. In the absence of proof it must be presumed to have been delivered on the day of its date. The rule as to this is: "In the absence of proof, it must be presumed that a deed was delivered on the day of its date. Fitzpatrick v. Brigman, 130 Ala. 450, 30 So. 500. And the burden of overcoming that presumption rests upon the defendant. In other words, it is on them to prove that it was executed on a day which was not Sunday. Hauerwas v. Goodloe, 101 Ala. 162, 13 So. 567, and authorities there cited. Williams v. Armstrong, 130 Ala. 389, 30 So. 553, 554." Michie's Code, p. 1127.

Applying the law as stated, it is without dispute that this deed was delivered on the Monday morning in the time of life of the party making the same. Mrs. Woodham and Mrs. J. U. Carroll both testified to the execution of the deed. Mrs. A. L. Woodham testified to the execution and delivery, and she was a witness to the deed. The deed was self-proven due to its age, being of date of August 1, 1896. Its execution was proven according to law by the attesting witness. In addition thereto, it was proven by the attestation of the Justice of the Peace and his proven attestation, as a witness. The deed had been recorded for years. That made it self-proven under the statute. It was not delivered on Sunday; was in Mr. Carroll's possession until he conveyed the land, and while he was in possession. It was annually listed for taxes and he annually paid those taxes until 1932. One of the appellants joined with him in execution of the mortgages. All the parties, according to this evidence, knew it was claimed or belonged to "Uncle Andy" until after his death.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.