This is an action to cancel a vendor's lien deed.
The instant appeal stems from a vendor's lien deed, dated June 23, 1976 and signed by Mary Richey as grantor in favor of James H. Creel and his wife as grantees. The case was instituted with a complaint filed by Creel in which he claimed that Mrs. Richey had failed to cancel the vendor's lien after payment of the purchase price and proper notice. Creel sought the imposition of a penalty under § 35-10-30, Code 1975. After Mrs. Richey failed to appear on the date set for trial, a $350 default judgment was entered against her. Subsequently, Mrs. Richey appeared in court without counsel and claimed that she did not understand the nature of the instrument that she had signed. The default judgment was set aside, and a second hearing was ordered. Thereafter, Mrs. Richey retained counsel and filed a general denial and counterclaim in which she sought, pursuant to section 35-4-153, Code 1975, to have the deed set aside or reformed on grounds that it was procured through fraud. She demanded and was denied a jury trial on the issue of fraud. After an ore tenus hearing, the trial court ordered that the lien be cancelled and awarded $700 to Creel. Mrs. Richey appealed to this court.
The first issue raised by Mrs. Richey in her brief concerns the trial court's denial of her jury trial demand. She asserts that her demand was timely made under rule 38 (b), Alabama Rules of Civil Procedure, and takes the position that the merger of law and equity under rule 2, A.R.Civ.P., gives her the right to a trial by jury on the issue of fraud. In response to these arguments, Creel contends that Mrs. Richey's demand for a jury trial was properly denied since her claim for relief involved equitable, rather than legal, issues.
We must reject Mrs. Richey's claim that the merger of law and equity under rule 2, A.R.Civ.P., enlarged the right to jury trial. The supreme court in Ex parte Collins, 394 So.2d 952
(Ala. 1981), stated: "Rule 38 (a), ARCP, preserves the right to a trial by jury in cases which would have been tried to a jury, if demanded, under prior procedure. This is the one procedural difference which remains under the Rule." Thus, in determining whether the right to a jury trial exists in any action, we are faced with a two-pronged analysis. First, we must determine the nature of the action involved; and, second, we must ascertain whether the matter was historically triable to a jury as a legal action or whether it was an action triable to the court as an equitable issue. The touchstone for such decisions again comes from Ex parte Collins, supra, where the court said:
 "The Constitution and the Rules of Civil Procedure preserve to all litigants the right of trial by jury as it existed under prior procedure, and the Rules cannot be construed to restrict such right. However, they should not be construed to permit a jury trial on issues which were never triable by jury before the adoption of the Rules, unless such issues are merged with issues which were."
The first part of our analysis begins with Mrs. Richey's pleadings to determine the true nature of the relief sought.See Moseley v. Monteabaro, 245 Ala. 475, *Page 556 17 So.2d 657 (1944). In her counterclaim Mrs. Richey alleged that she could not read or write and that the deed recorded in the Mobile County Probate Office was obtained by fraud because she never intended to give grantees a deed. She then suggested that because of the fraud involved the court revise the deed to express the true intentions of the parties as authorized by section 35-4-153, Code 1975.
The trial court, we believe, properly concluded, based on the allegations in the counterclaim, that Mrs. Richey was seeking a reformation of the deed she gave to appellees as authorized by section 35-4-153, Code 1975. Reformation of instruments has long been an equitable issue and this code section just enacts into statutory law that which has been the practice in Alabama for a long time. Fidelity Service Insurance Co. v. A.B. Legg Sons Burial Insurance Co., 274 Ala. 94, 145 So.2d 811 (1962). The trial court, therefore, did not err in refusing to give Mrs. Richey a jury trial on her counterclaim.
Mrs. Richey next argues that the notarization of the vendor's lien deed was improper. She claims that the notary public was under a duty to explain to her that she was signing a deed and that his failure to do so was negligent. Creel controverts these arguments by pointing out that the burden of proof is on the party attacking the notarization to show some irregularity in the process. He asserts that Mrs. Richey has failed to meet her burden of proof and that the record contains ample evidence to indicate that she had been informed of the nature of the instrument she had signed.
The notary's acknowledgment in the instant action shows that Mrs. Richey was informed of the contents of the vendor's lien deed. Mrs. Richey argues that she was never informed that she was signing a deed and that she thought that she was signing a note. We agree with Creel that the burden of overcoming the presumption of correctness in connection with a notarization falls on the party challenging it. Carroll v. Carroll, 236 Ala. 556,183 So. 857 (1938). We further agree with Creel that Mrs. Richey has not met her burden of proof. In his testimony the acknowledging notary stated that he informed Mrs. Richey that she was signing a deed. He further testified that she stated that she wanted to sell some of her property to pay a debt. Moreover, the instrument was given to Mrs. Richey's daughter, who looked it over before Mrs. Richey signed it. The only evidence tending to indicate that Mrs. Richey was not informed of the contents of the instrument came from her own uncorroborated statements. The evidence taken as a whole indicates that Mrs. Richey failed to meet her burden of attacking the notarization. See Carroll v. Carroll, supra.
Mrs. Richey finally argues that the transaction between Creel and herself was infected with fraud and undue influence and that it should be set aside on these grounds. This argument, she states, is strengthened by her inability to read and write and Creel's superior knowledge of business. Mrs. Richey urges us to find that the burden of proof that the transaction was fair rested on Creel and that he has failed to meet this burden.
The basic rule concerning the setting aside of a transaction on grounds of fraud and undue influence was stated in Verner v.Mosely, 221 Ala. 36, 127 So. 527 (1929), where the court said:
 "The rules of administrative procedure in cases involving transactions inter vivos, where one party stands in relation of trust and confidence to the other, such as is here involved, attorney and client, trustee and cestui que trust, where the dominant party — and in this relation the attorney or trustee is regarded as the dominant party — receives or derives a benefit or advantage from a transaction during the existence of such relation, the party reposing the confidence, on seasonable application to a court of equity, may obtain relief from the burden of such transaction, by showing the transaction and the confidential relations. . . ."
Thus, under this decision two factors must be present before the burden of proving the fairness of a transaction shifts to the beneficiary. First, the complainant must show the existence of the transaction; and, *Page 557 
second, he must show that a confidential relationship existed.See Jones v. Boothe, 270 Ala. 420, 119 So.2d 203 (1960).
We must reject Mrs. Richey's argument that the transaction should be set aside on grounds of fraud and undue influence because she has failed to show the existence of a confidential relationship. There is evidence in the record indicating that the property sale was prompted by a comment from Mrs. Richey to Creel that she needed money to pay some debts. Creel told her that he could not lend her the money but that he was interested in buying property from her and they arrived at a mutually satisfactory price for the sale of the property to Creel. Such comments as these indicate that Mrs. Richey and Creel were bargaining with one another at arm's length and do not show a confidential relationship in terms of Verner v. Mosely, supra
and Jones v. Boothe, supra.
For the foregoing reasons the trial court's judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.