# Keller v. Moore.

### Statutory Real Action in Nature of Ejectment.

1. *Proof of recorded deed.* — To make the record of a deed which has been recorded, or a certified copy thereof, admissible evidence without further proof (Rev. Code, § 1544), it must be recorded within twelve months after its execution.

2. *Commissioner of deeds; appointment, and proof thereof.* — The appointment of a commissioner by the governor, to take the acknowledgment of deeds, &c., in another state or territory (Rev. Code, § 65), may be certified by a commission under the great seal of the State, signed by the governor in his official capacity, and countersigned by the secretary of state; and the courts will take judicial notice of the officer when appointed.

3. *Acknowledgment of deed before commissioner in another state.* — When a conveyance of lands in this State is acknowledged before a commissioner in another state, the same form must be used as if the acknowledgment were made here.

4. *Sufficiency of acknowledgment.* — A certificate, appended to a conveyance of lands, which states that the grantors, being personally known to the officer, appeared before him on the day of its date, "and thereupon acknowledged the signing and sealing thereof to be their voluntary act and deed, for the uses and purposes therein stated," is not a substantial compliance with the form prescribed by the statute (Rev. Code, § 1548).

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. JAMES S. CLARK.

This action was brought by Arthur H. Keller, against Joshua B. Moore, to recover a tract of land near Tuscumbia, containing about twenty acres; and was commenced on the 18th August, 1869. The complaint was in these words: "The plaintiff sues to recover the following tract of land, to wit," describing it, "of which he was possessed before the commencement of this suit; and after such possession accrued, the defendant entered thereupon, and unlawfully withholds and detains the same; together with $3,000 damages for the detention thereof. The plaintiff sues, also, to recover the possession of the following tract of land," describing it; "the plaintiff being, at and before the commencement of this suit, the owner and proprietor of the said land, and the same being unlawfully withheld and detained from him by the defendant. The plaintiff sues, also, to try the title to the said land, as well as to recover damages for the detention thereof, to the amount of $3,000." The defendant pleaded: 1st, not guilty; and, 2d, a special plea since the last continuance, averring that he had purchased the lands, since the commencement of the suit, at a bankrupt sale made by the assignees of F. W. Bynum; and issue was taken on both of these pleas.

The bill of exceptions, which purports to set out all the evidence adduced on the trial, shows that the plaintiff deduced title to the land in controversy under a purchase by him at a sale made by Daniel Ahl, Jr., and Alexander Buchanan, as assignees in bankruptcy of Sugarman & Frank, under a decree of

[Keller v. Moore.]

the bankrupt court in Ohio; and for this purpose offered in evidence a certified copy of the proceedings had .in the said bankrupt court, and a copy of said assignees' deed, to which was appended the following certificate: "The State of Ohio, county of Hamilton, city of Cincinnati. On this 30th day of June, 1869, before me, Reuben Tyler, a commissioner of deeds, &c., for the State of Ohio, duly appointed and acting as such, personally came Daniel Ahl, Jr., and Alexander Buchanan, assignees of Sugarman & Frank, to me well known to be the grantors named in and who executed the foregoing instrument of writing, and thereupon acknowledged the signing and sealing thereof to be their voluntary act and deed, for the uses and purposes therein stated. Given under my hand and official seal, on this, the 30th day of June, 1869;" which was signed, "REUBEN TYLER, commissioner of Alabama, in and for the State of Ohio." This deed was dated the 30th June, 1869; and the plaintiff offered in evidence, in connection with it, the certificate of A. W. Ligon, the judge of probate of Colbert county, that it was left in his office for registration on the 19th August, 1870. The court excluded this deed from the jury, on motion of the defendant; and this ruling of the court is the only matter assigned as error.

W. COOPER, with THOS. H. WATTS, for appellant.

L. P. & R. W. WALKER, contra.

PETERS, C. J. — This is an action brought under our statute, to recover the possession of a certain tract of land, particularly described in the complaint by metes and bounds. The complaint contained two counts: the first, in the usual statutory form prescribed by the Code in actions of ejectment; and the second for an unlawful detainer. The defendant pleaded, in answer to this complaint, not guilty, and a special plea since the last continuance, averring that he had become the owner of the land by purchase since the commencement of the suit. Issue was taken on each of these pleas, and the case was submitted to trial by a jury. The only evidence offered on the trial was that offered by the plaintiff, the defendant offering none; and the cause was decided wholly on the plaintiff's evidence, all of which is set out in the bill of exceptions. The plaintiff claimed the possession of the land under a sale and conveyance to himself by the assignees in bankruptcy of Sugarman & Frank. The deed purported to have been acknowledged by the grantors, on the day of its date, before a commissioner of deeds in Ohio, and to have been recorded in the office of the probate judge of Colbert county, Alabama, in

[Keller *v.* Moore.]

which county the lands were situated, on the 19th August, 1870. There was no other proof of the execution of this deed than the certificate of its acknowledgment, and the certificate of its registration. The exclusion of this deed from the jury as evidence, on motion of the defendant, to which the plaintiff excepted, is the only matter here assigned as error. It does not appear that there was any question of law or fact made on the trial, by any charge of the court to the jury, or any request for charges. If any such thing occurred, the bill of exceptions is wholly silent in reference to it.

The inquiry, then, here presented, is whether the deed was sufficiently proved to entitle it to be received as evidence in the cause; and, if it was sufficiently proved, whether it was relevant, or tended to establish the plaintiff's claim under either count of his complaint. If it was not sufficiently proved, then it was properly excluded, whether it was relevant or irrelevant. The bill of exceptions shows how the deed was offered to the jury. Its language is: "Plaintiff here now offers in evidence to the court and jury a deed made by Daniel Ahl and Alexander Buchanan, and sealed and attested by Robert O. Strong and Reuben Tyler, dated 30th June, 1869, to said Arthur H. Keller, duly stamped with a fifty cents United States internal revenue stamp, and cancelled by the makers of said deed, on date of said deed, as follows;" and then the deed is copied into the bill of exceptions, with the certificate of acknowledgment made by the commissioner in Ohio, and the certificate of Judge Ligon that it was left for record in his office on the 19th August, 1870. Does this deed, with the certificates attached, show that it was sufficiently proven to entitle it to be received as evidence, without any other proof? Very clearly, at common law, it would not. Is it, then, under our statute?

The statute, as found in the Revised Code, is in these words: " Conveyances of any property, whether absolute or on condition, which are acknowledged or proven according to law, and recorded within twelve months from their date, may be received in evidence in any court without further proof." Rev. Code, § 1544. This is a new rule for the proof of written instruments, and it is a departure from the common law. The deed was offered in evidence under this statute, and it was properly rejected ; because, in the first place, it was not recorded in the county in which the lands are situated, within twelve months from its date. The deed bears date the 30th June, 1869, and it was acknowledged on that day before the commissioner in Ohio ; but, according to the certificate of Judge Ligon, it was not recorded, or left in his office for record, until the 19th day of August, 1870, which was thirteen months and nineteen days after its date.

[Keller v. Moore.]

2. But it further appears that the deed was acknowledged, not before any officer in this State authorized to take and certify the acknowledgment and proof of conveyances, but before a "commissioner of deeds, &c., of the State of Ohio, duly appointed, and acting as such." The governor of this State is authorized by statute to appoint commissioners in other States, "to take and certify depositions, to receive the acknowledgment, and take the proof of conveyances of property within this State, and the proof of wills executed by persons without the State, devising or bequeathing property within the State." Rev. Code, § 65. It is shown in the record that Reuben Tyler is a person so appointed under the authority thus bestowed upon the governor, and that the only evidence of this appointment was the commission issued under the great seal of the State, signed by the governor in his official capacity, and countersigned by the secretary of state, in the usual form. This was competent and sufficient; and after the appointment, this court, and all other courts of the State, will take judicial notice of the officer thus appointed. The courts, being a department of the government of the State, take notice of its official acts. And the governor being empowered to make the appointment, without limitation to some particular mode of its performance, may do this in any way proper to accomplish the end proposed. A commission, to certify the appointment in such a case, is usual and sufficient. Besides, no objection was made to this mode of proof in the court below, and it cannot be heard now; because, had it been made on the trial below, it might have been obviated by other proof in that court. To fail to object there, is a waiver of the objection here. Then, the proof of the appointment was sufficient.

3–4. But, admitting that the commissioner was properly appointed, and that this appointment was sufficiently proven, was the acknowledgment made in Ohio, and here relied on to authorize the record of the deed in this State, properly executed "according to law?" This is necessary to give it the effect sought to be derived from it. The Code, in referring to an acknowledgment of deeds, means such an acknowledgment as would be sufficient in this State, if made before a proper officer of this State. Rev. Code, § 1544. For such an acknowledgment the Code prescribes a form, "to be used in this State, on conveyances of every description admitted to record." Rev. Code, §§ 1548, 1545, 1542, 1543. This form is thus expressed: "I (name and style of the officer) hereby certify, that —— ——, whose name is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, he executed the same voluntarily, on the day the same bears date.

Given under my hand this —— day of —— A. D. 18—. (Signed) A. B." Rev. Code, § 1548. This is the deposition of the grantor, which the law prescribes in lieu of his testimony delivered in court in person, or in answer to interrogatories taken upon commission for that purpose. This is the only form that the statute has prescribed, and it has made no exceptions for departures from it. When this is so, the courts have no authority to release parties from its requirements. With a proper change of names, dates, and other necessary facts, this form *must be used*, if it is intended to rely upon the record to supply the place of other competent proof of the execution and delivery of the deed. The form of the commissioner's certificate of the acknowledgment made before him does not come up to these requirements. It was, therefore, insufficient to impart to the record the validity of proof under the statute above quoted.

The officer described in the governor's commission is " commissioner of deeds for the State of Alabama, to reside at the city of Cincinnati." This is not the officer who certifies that the acknowledgment was taken before him. The certificate otherwise widely departs from the form demanded by the law of the Code. It was, therefore, for this reason also, insufficient to dispense with other proof of the execution of the deed, beside that of the mere record under the acknowledgment made in Ohio. The deed, then, was insufficiently proven, and it was properly rejected by the court below, as shown in the bill of exceptions.

It is unnecessary, and perhaps improper at this time, to discuss the other important and intricate questions growing out of the different views taken of the testimony offered on the trial below, and ably and thoroughly discussed at the bar and in the briefs of learned counsel on both sides. These questions can only arise on a charge to the jury. They cannot be considered on the present record. If the deed had been properly proven, it should not have been rejected. But, if the defendant's interpretation of the evidence is correct, it did not conclude him. But a jury alone can agree upon the true force of the evidence. They settle the facts. When these are settled, the court will settle the law, and the rights of the parties, which grow out of the facts, and are to be enforced by the law. It may, however, be said that, upon the bankruptcy of a debtor, his assignee succeeds to all the rights of property, real and personal, which belonged to him, just as the bankrupt held it, with the same powers and the same limitations. But this question does not arise in this case.

The judgment of the court below is affirmed.

BRICKELL, J., not sitting, having been of counsel.