[Jackson *et al.* v. Kirksey.]

# Jackson *et al.* v. Kirksey.

### *Statutory Action of Ejectment.*

1. *Acknowledgment of deed; insufficient certificate.*—A certificate of acknowledgment of a deed, which fails to state that the grantor in the deed acknowledged before the officer that, "being informed of the contents of the conveyance, he executed the same voluntarily," is insufficient and fatally defective as a compliance with the form prescribed by section 1802 of the Code of 1886, "to be used in this State on conveyances of every description admitted to record." (*E. T., V. & G. Railway Co. v. Davis,* 91 Ala. 615, followed, and *Abney v. DeLoach,* 84 Ala. 393, overruled in so far as it conflicts with the principle here announced.)

2. *Tax deed; what necessary to pass title thereby.*—Under the provisions of the statute relating to tax deeds (Code, § § 592, 593), no title passes to the purchaser of lands sold for taxes until the deed of the probate judge to such lands has been "properly acknowledged and recorded."

3. *Same; must be acknowledged as other conveyances.*—Before the tax deed of a probate judge can be "properly acknowledged" as required by statute (Code, § § 592, 593) in order to pass title, the certificate of acknowledgment attached thereto must substantially conform to the model prescribed by section 1802 of the Code of 1886 "to be used in this State on conveyances of every description admitted to record."

4. *Same; certificate of acknowledgment must recite grantor's knowledge of contents of deed and his voluntary execution thereof.*—A certificate of acknowledgment to a tax deed, executed by a probate judge, which fails to recite that the probate judge acknowledged before the officer that, being informed of the contents of the conveyance, he executed the same voluntarily, is fatally defective; and a tax deed with such a certificate attached to it is not properly acknowledged within the meaning of the statute (Code, § § 592, 593), so as to pass title to the purchaser at the tax sale, and is not admissible in evidence as showing title in the grantee therein.

5. *Same; certificate of acknowledgment; Attorney-General can not prescribe form variant from Code mode.*—Under the provisions of the statute (Code, § 594), which requires the Attorney-General to furnish the Auditor with suitable forms of certificates of purchase and deeds to purchasers at tax sales, the Attorney-General is not directed to prepare and furnish forms of certificates of acknowledgment to be attached to such deeds, nor is he authorized to adopt a form for such certificates of acknowledgment; and the fact that a certificate of ac-

knowledgment attached to a tax deed, which was variant from the form prescribed by the Code, was furnished by the Attorney-General does not validate it so as to make the deed properly acknowledged.

APPEAL from the Circuit Court of Choctaw.

Tried before the Hon. JAMES T. JONES.

This was a statutory action of ejectment, brought by the appellants against the appellees. The claim of the plaintiffs to the land sued for was based upon a tax deed, executed to them by the probate judge of Choctaw county, conveying the lands sued for. This tax deed was offered in evidence by the plaintiffs to show their title; but was objected to by defendants, on the grounds that the acknowledgment attached to said deed was insufficient, in that it failed to show that the probate judge acknowledged before the officer taking the acknowledgment, that being informed of the contents of the conveyance he executed the same voluntarily. This objection on the part of the defendant to the introduction in evidence of the tax deed was sustained by the court, and said deed was not allowed to be introduced in evidence. To this ruling of the court the plaintiffs duly excepted, and took a non-suit. The other facts of the case are sufficiently stated in the opinion.

The appeal is prosecuted by the plaintiffs, who assign as error the ruling of the court in refusing to allow the tax deed to be introduced in evidence.

W. F. GLOVER, for appellants —The deed to which the court sustained the objection to the certificate, on the trial below, was the form given by the Attorney-General for probate judges to give purchasers under tax sales; and it is clear, under section 594 of the Code of 1886, the Attorney-General was required to prescribe the form for tax deeds. If this be true, the court erred in sustaining the objection to the certificate, it being in the form indicated by said officer.

TAYLOR & ELMORE, *contra.*—1. The statutes, sections 592-593-594 of the Code, are in abrogation of the common law, and must be strictly complied with before a deed under tax sale can be offered in evidence.—*Bolling v. Smith*, 79 Ala. 535.

2. The statute requires the deed of the probate judge

[Jackson *et al.* v. Kirksey.]

to be executed by *acknowledgment*, and in no other way. It does not authorize execution by attestation; and a defective acknowledgment can not be used so as to operate as an attestation as in cases of ordinary conveyances, under the influence of *Torrey v. Forbes*, 94 Ala. 135.

3. Section 594 authorizes the Attorney-General to furnish forms of conveyances, but does not authorize him to create new conveyances, far less to create a form of acknowledgment.

4. The acknowledgment to the deed offered in evidence is fatally defective, in failing to state "that the grantor acknowledged that he was informed of the contents of the conveyance."—*E. T. V. & Ga. R. R. Co. v. Davis*, 91 Ala. 615.

HEAD, J.—The action is statutory ejectment to recover possession of land which the plaintiffs claim as purchasers at a tax sale, made on or about May 10th, 1891. The sole question presented for decision is whether or not the certificate of acknowledgment appended to the conveyance of the probate judge, is in proper form. The certificate was as follows ·
"The State of Alabama,
Choctaw County.
               I hereby certify that before me, B. F. Gilder, clerk of the circuit court in and for said county, personally appeared the above named C. C. McCall, judge of probate of said county, personally known to me to be the judge of said county, at the date of the execution of the above conveyance, and to be the identical person whose name is affixed and who executed the above conveyance as probate judge of said county, and who acknowledges the execution of the same to be his voluntary act and deed as probate judge of said county for the purpose expressed. Given under my hand and seal this 15th day of May A. D. 1893.
                              B. F. Gilder, Clerk."
When the conveyance, showing the foregoing certificate, was offered in evidence the defendant objected to it, on the ground that the acknowledgment was insufficient in that "it failed to show that the probate judge acknowledged before the officer that being informed of the contents of the conveyance he executed the same vol-

untarily.'' The circuit court sustained the objection, whereupon the plaintiffs took a non-suit with a bill of exceptions. Section 592 of the Code of 1886, relating to tax deeds, provides that the deed of the probate judge, ''when properly acknowledged and recorded,'' shall convey the title of the former owner and of the person whose duty it was to pay the taxes, and the lien and claim of the State and county, but not the right, title or interest of any reversioner or remainderman. Section 593 requires that the deed shall be ''acknowledged before some officer authorized to take acknowledgments of deeds.'' According to these sections, it is obvious, that no title passes until the deed of the probate judge is both properly acknowledged and recorded.—*Bolling v. Smith*, 79 Ala. 535. It is also plain that the certificate was open to the objection made to it, if it be held that a proper acknowledgment must be in the form prescribed by section 1802. The certificate did not contain the statutory phrase, showing that the grantor acknowledged that he was ''informed of the contents of the conveyance,'' nor any words of equivalent import. It was, therefore, fatally defective as an attempt to comply with that section of the Code.—*E. T. V. & G. Railway Co. v. Davis*, 91 Ala. 615 ; *Boykin v. Smith*, 65 Ala. 294 ; *Keller v. Moore*, 51 Ala. 340.

We call attention to the fact that the decision in *Abney v. DeLoach*, 84 Ala. 393, as to the sufficiency of the certificate of acknowledgment, considered in that case, is in conflict with the later case of *E. T. V. & G. R'way v. Davis, supra*, in which we held substantially the same certificate to be defective. It does not appear that the earlier ruling was called to the court's attention, in the later case, but we are of opinion that the exposition of Chief Justice STONE in the Davis case is correct, and should be adhered to.

The question then recurs, should the certificate have been in the form prescribed by section 1802? The sections of the Code, which we have quoted, merely provided that the deed of the probate judge should be ''properly acknowledged'' without prescribing any form, but we do not doubt that the legislature intended thereby to require the familiar form, which had prevailed for many years in this State, and which section 1802 declared was ''to be used in this State on conveyances of every de-

scription admitted to record." If any authority was nec-
essary for this conclusion, we find it in the case of *Ab-
ney v. DeLoach*, 84 Ala. 393, *supra*, where we had under
consideration section 2367 of the present Code, relating
to the adoption of children, which requires the declara-
tion of the person, desirous to adopt a child, to be ac-
knowledged before the judge of probate, but which does
not itself fix the form of. the certificate. Speaking upon
this subject in the case just cited, we said : "No particu-
lar form of acknowledgment is given by the statute, but
the obvious reference is by implication to the form pre-
scribed for ordinary conveyances, which must be under-
stood as being adopted for this class of cases." This
was a correct statement of the law upon this question,
although, as we have seen, the court was in error in de-
claring the certificate, brought to view in that case, to
have been in substantial accord with the statutory
form.

The certificate now under consideration, is the same
as that which was prescribed by section 86 of the act
approved December 31, 1868, carried into the Code of
1876 as section 459, and, had that section continued in
force, would have been sufficient.—*Riddle v. Messer*, 84
Ala. 236. That section, however, was not in force when
this deed was executed. It was repealed by the opera-
tion of section 143 of the act approved February 17th,
1885, entitled, "An act to provide for the assessment
and collection of taxes for the use of this State and the
counties thereof, and to define the duties of officers en-
gaged about the said assessment and collection of
taxes," and was not carried into the Code of 1886. Its
repeal may have been due to the fact, that the certificate,
thereby prescribed, was exceptional and a departure
from the familiar form to which the people and profes-
sion had become accustomed. Whatever may have
been the motive of the lawmakers for the repeal, we
think it necessarily results, that before the deed of the
probate judge can be said to be "properly acknowl-
edged," as required by the Code of 1886, the certificate
should substantially conform to the only model therein
given "to be used in this State on conveyances of every
description admitted to record."

The bill of exceptions states, that "it was proved and
admitted that the deed is in the form furnished to the

probate judge by the Attorney-General," and it is argued by appellants that section 594 of the present Code, in requiring that officer to furnish the Auditor suitable forms of certificates of purchase and deeds to purchasers at sales of real estate for taxes, authorizes him to adopt a form of certificate, and validates any form he may furnish. If the language of the bill of exceptions which uses the word *deed* merely could be fairly construed to mean, that the Attorney-General furnished the form of *certificate of acknowledgment* employed in this instance, we do not think that the result claimed can be admitted. The legislature did not direct the Attorney-General to prepare forms of certificates of acknowledgment; that is made by the officer taking the acknowledgment. The certificate of acknowledgment must substantially accord with the usual form.

The ruling of the circuit court was in accordance with these views, and its judgment must be affirmed.

Affirmed.