# Smith *v.* Cox.

*Common Law Action of Ejectment.*

115  503
122  390

115  503
127  668

115  503
144  541

1. *Action of ejectment at common law; scope of plea of general issue.* In a common law action of ejectment, the only appropriate plea is "not guilty," since under it anything in bar of the action may be offered in evidence.

2. *Validity of tax deed and proceedings culminating therein; construction; burden of proof.*—The burden is upon a party claiming under a tax deed to show that all the requirements of the law culminating in such deed were substantially complied with, and in passing upon their validity, a strict construction thereof is indulged by the courts.

3. *Same; validity of preliminary notice before decree.*—A preliminary notice by the judge of probate before a decree of sale in reference to lands assessed against an unknown owner, which notifies the owner to appear before the judge of probate on a certain day instead of before the probate court at its next term, and which does not show that the assessment had been made against an unknown owner, and the amount of fees, charges and costs incurred, is incurably and fatally defective.

4. *Same; notice and place of sale.*—Where the sale of lands takes place less than 30 days after perfection of notice by publication, and it was not shown that notice was posted at the court house door and in the precinct where the land was situate, and it further appears that the land was sold at the office of the judge of probate instead of in front of the court-house door of the county, the proceedings are void, and the owner's title is not divested by the deed.

5. *Same; description of property in assessment.*—An assessment for taxes against property which described it to be "V. L. N. E. Cedar and Tennessee," in the absence of evidence showing that the property was generally known or designated in that manner, is invalid, conferring no title if a sale is made thereunder.

6. *Same; limitations.*—Section 606 of the Code of 1886, providing a limitation for the recovery of lands sold for taxes, has no application when the tax deed is invalid and the purchaser is not in the occupancy of the land.

7. *Statute of limitations; when begins to run.*—The limitation, under such statute, does not begin to run until the delivery and registration of the tax deed,

[Smith v. Cox.]

Appeal from the Circuit Court of Mobile.

Tried before the Hon. William S. Anderson.

This was a common law action of ejectment, brought by the appellant, Lizzie Smith, against the appellee, Theodore H. Cox.

There was much pleading in the case, and many exceptions reserved to the rulings of the court thereon; but it is unnecessary to set out these pleadings in detail.

The claims of the plaintiff and defendant, respectively, and the property sued for, are set forth in the opinion. Upon the defendant offering to introduce in evidence the tax deed under which he claimed title, there was an objection thereto, based upon many grounds. These grounds and the facts relating thereto are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the defendant gave the general affirmative charge in his behalf. To the giving of this charge the plaintiff duly excepted, and also excepted to the court's refusal to give the general affirmative charge asked by her.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

L. H. Faith and N. E. Stallworth, for appellant. The limitation of the statute (§ 606) does not run against the original owner while in the actual possession of the land, nor does it run in favor of the purchaser at the tax sale while he is out of the actual possession of the land.—*Lassitter v. Lee,* 68 Ala. 287; *Hughes v. Anderson,* 79 Ala. 209; *Bolling v. Smith,* 79 Ala. 535; *Hooper v. Clayton,* 81 Ala. 391; *Alexander v. Savage,* 90 Ala. 383; *Parks v. Barnett,* 104 Ala. 443; *Nat. Bank v. Baker Hill Iron Co.,* 108 Ala. 635. The land was not shown to be within the corporate limits of any city, town or village, nor was it shown that the land had been surveyed and laid off and a plat thereof recorded in the office of the judge of probate of the county, nor was it shown to be a whole block or lot, nor that it was numbered, nor that it was part of a whole lot or block; and no metes and bounds are given of the lot intended to be assessed or sold. See section 476 of the Code of 1886.

[Smith v. Cox.]

The description in the assessment book and the other documents as "V. L. N. E. Cedar and Tennessee" is, we submit, void for uncertainty, etc., and not capable of being made valid by oral testimony of what the "persons working in the tax offices and probate court understood" was meant by these letters and words.—*Alexander v. Wheeler*, 69 Ala. 332; *Hughes v. Wilkinson*, 35 Ala. 462; *Clements v. Pearce*, 63 Ala. 284; *Dane v. Glennon*, 72 Ala. 160; *Griffin v. Hall*, 111 Ala. 601; *Pearce v. Perkins*, 12 So. Rep. 205; s. c., 70 Miss. Rep. 276; 25 Am. & Eng. Ency., 738, and note 2; *Kraus v. Montgomery*, 114 Ind. 103; s. c., 16 N. E. Rep. 153; *McKeown v. Collins*, 21 So. Rep. 103; *Ronkendorff v. Taylor*, 4 Peters 362.

The notice published by the probate judge as to the delinquency in the payment of the taxes upon the land involved in this case was insufficient. The notice given was not that required by law, and, therefore, the purchaser at the same acquired no title.—*Carlisle v. Watts*, 78 Ala. 486; *Crook v. Anniston City Land Co.*, 93 Ala. 7; *Riddle v. Messer*, 84 Ala. 236; *Howze v. Dew*, 90 Ala. 178. The notice given by the tax collector was also invalid. *Madden v. Floyd*, 69 Ala. 221; *Owen v. Slatter*, 26 Ala. 547; *Mowry v. Blandin*, 4 Atl. Rep. 882; *Johnson v. Harper*, 107 Ala. 706; *Clarke v. Rowan*, 53 Ala. 400. The sale and the deed thereunder were invalid because the sale was made at the office of the probate judge. Cooley on Taxation, pp. 338, 487. These several reasons make the title claimed by the defendant insufficient upon which to resist recovery by the plaintiff. Resting his title solely upon the tax sale and deed thereunder, he has not shown himself entitled to possession as against the plaintiff. It has often been held by this and other courts, that, in the sale of land for taxes great strictness is required, and every provision of the statute must be punctiliously pursued. Without a rigid adherence to the directions and forms of the statute, the sale is void, and the owner is not divested of his title and estate.—*Dane v. Glennon*, 72 Ala. 163; *Nat. Bank v. Baker Hill Iron Co.*, 108 Ala. 635.

CLARK & CLARK, *contra.*—1. The tax deed under which the defendant claims, invested him with a title to the land.—*Florence L., &c., Co. v. Warren*, 91 Ala. 533;

*Pugh v. Youngblood*, 69 Ala. 296; *Hughes v. Anderson*, 79 Ala. 209.

2. Limitation as to recovery of land sold for taxes is three years from the day when the purchaser becomes entitled to demand a deed therefor, unless owner was a minor, or *non compos mentis.*—Code of 1886, § 606: *Lassiter v. Lee*, 68 Ala. 290; *Jones v. Randle*, 68 Ala. 298; *Hooper v. Clayton*, 81 Ala. 401; *Stovall v. Fowler*, 72 Ala. 77; *Pugh v. Youngblood*, 69 Ala. 296; *Bolling v. Smith*, 79 Ala. 536; 3 Brick. Dig. 325, § 39; Code of 1886, § 605; *Riddle v. Messer*, 84 Ala. 236.

3. When another party was in possession, a valid tax deed draws after its execution, legal possession, and makes it encumbent upon the original owner to bring his action within the prescribed period, and failing to do this, the title in the tax deed becomes perfect, as if he had been in actual possession.—25 Amer & Eng. Encyc. of Law, 739, note 2; *Jones v. Randle*, 68 Ala. 167; *Lassiter v. Lee*, 68 Ala. 290.

HARALSON, J.—1. The appellant brought ejectment against appellee. Defendants pleaded not guilty, and in addition two special pleas, followed by much sparring in the way of pleading, on each side, bringing to light, at last, nothing that was not provable under the general issue, and of which the parties did not have the benefit, on the trial under that issue. The only appropriate plea in the trial of this action is "not guilty," and under it, anything that operates as a bar to the action may be given in evidence. We see nothing in the case which makes it important for us to notice the special pleadings which were indulged between counsel. *Bynum v. Gold*, 106 Ala. 427; *Richardson v. Stephens*, 114 Ala. 238.

2. The plaintiff claimed title under one Alice McElroy. She proved a paper title from the Government down to said McElroy, who, in 1870 or 1871, was in the undisputed possession and ownership of the land; that about that time she went away, and made a verbal gift of the lot to Michael Smith, to be his if she never returned; that she never did return, and has never been heard of since; that said Smith owned the next adjoining lot, of the same size, on which he resided, between which and the one in suit, there was a division fence;

that in 1871, said Smith went into the actual possession of said lot, removed said division fence, so as to bring both lots within a common inclosure, and from that time, till his death in 1891, he continued in the actual possession thereof, using and cultivating it every year under claim of right and ownership ; that his possession and claim, during this period, was open, visible, uninterrupted, notorious and continuous ; that after his death, his three children, his only heirs, including the plaintiff, continued in the actual adverse possession of his homestead, including said McElroy lot, claiming the same, and continued in the open adverse possession thereof until the 22d of July, 1895 ; that the lands of said Michael Smith, including the lot in suit, were sold for division among his heirs, by order of the probate· court, and this lot became the plaintiff's, and she held title to the same as between her and the other heirs of said Smith, under a deed from J. K. Glennon, a commissioner appointed for the purpose by, and in pursuance of the orders of, the probate court of Mobile county. She also introduced evidence tending to show that she paid the taxes on this land for the year 1889, and before the same was sold by the tax collector in 1890. It was shown, without proof to the contrary, that the lot in question is not, and never has been within the corporate limits of the present city of Mobile.

3. The only defense that the defendant interposed to plaintiff's right of recovery, grew out of a tax title, as he claimed, to the lot, executed to him by the judge of probate on the 25th July, 1892. He showed that on the 17th November, 1894, he instituted in the circuit court of Mobile county a statutory real action against the appellant, to recover possession of said lot ; that judgment was rendered against her by default in favor of defendant, at the Fall term, 1894, of said court, on which a writ of possession was issued, and he was put in possession of the property thereunder, on the 22d July, 1895.

If the defendant's deed to the land growing out of his purchase of the same at tax sale is for any reason invalid, and it was admitted in evidence improperly, he was without evidence to support his claim of title. He offered no other claim but this, as against appellant's title.

4. As controlling the decision of this case, we repeat some familiar rules applicable to tax sales, oftentimes sanctioned in this court: "In the sale of lands for taxes, great strictness is required, and every provision of the statute must be punctiliously pursued. Without a rigid adherence to the directions and forms of the statute, the sale is void, and the owner is not divested of his title or estate. * * * A fundamental.condition (says Cooley) to their validity is, that there should have been sub-stantial.compliance with the law, in all the proceedings of which the sale was the culmination. * * * A tax deed takes effect only as the execution of a statutory power. It must, therefore, be construed with some degree of strictness, so as to enable the grantee to identify the land, and the owner to redeem it. The de-scription must afford the means of identification, and be sufficiently certain not to mislead the owner, or be calculated to mislead him."—*Dane v. Glennon*, 72 Ala. 163, and authorities there cited; Cooley on Tax., 286, 324. No presumptions will be indulged in favor of the regularity of proceedings for the sale of land for such purposes. The burden is on the party claiming under them, to show that all the substantial requirements of the law have been complied with.—*Oliver v. Robinson*, 58 Ala. 46; *Johnson v. Harper*, 107 Ala. 706; *Nat. Bank of Augusta v. Baker Hill Iron Co.*, 108 Ala. 635. The requirements of the statute to be observed, begin with the assessment, and extend through each step of the after proceedings ending with the deed.

5. In this case there are numerous objections raised to the validity of the tax proceedings and deed under which the defendant claims, some of which are well taken and others not. We refer to such of them only as we deem it necessary to notice.

The assessment purported to be against an unknown owner. It needs only a casual comparison of the statutes and proceedings of the court of probate, to detect that the notice the judge of probate gave preliminary to a decree of sale of the lot for taxes, (Code of 1886, § 572), the decree and the advertisements of sale (§§ 573, 576), the place of sale (§577), and the deed itself, are incura-bly defective. The form of notice is not followed; the owner was notified to appear, not before the probate court at its next term, as the statute requires, but be-

[Smith v. Cox.]

fore the probate judge, on April 14th, 1890. The decree also fails to follow the form prescribed. It fails to show that the notice as prescribed by law was given; that the assessment had been made against an unknown owner, and the amount of fees, charges and costs incurred. The notice of sale by the tax-collector fails to specify, that the land to be sold had been assessed to an unknown owner; and it was not shown that any notice was given by posting at the court-house and in the precinct as is also required. It was further shown,—indeed the tax deed recites,—that the lot was sold *"at the office of the judge of probate,"* instead of "in front of the door of the court-house of the county," as the law requires.

The assessment purporting to have been made against this property, described it to be, "*1'. C. N. E. Cedar & Tennessee.*" This description by itself, indicates nothing. Abbreviations may be used in assessments, to designate blocks and lots or parts thereof in any city, town or village, or by metes and bounds, or in some other way by which the property may be known.—Code of 1886, § 476, sub-div. 4. But, such abbreviations, to comply with the law must be identifying, or if entirely indefinite on its face as here, it must be shown, that the lot was generally known or designated in the manner described. No such proof was offered The evidence of defendant's witnesses, what the persons working in the tax offices and the probate office understood by these abbreviations was irrelevant, and if relevant, their understanding that they meant *"North East Corner of Cedar and Tennessee Streets,"* does not clear the obscurity. The letter "V" is not referred to in this explanation, and the word "corner" is interpolated. It was shown that the property was not in the city of Mobile, nor does it appear that it was located in any city, town or village. This same description is carried, and appears, into all the after proceedings, culminating in the deed, where it also appears, without more, except, that the letter "V," in the assessment was changed in the following descriptions to "Va" which was equally uncertain. The vagueness of this description and the other irregularities referred to, render the sale of this property for taxes and the deed of defendant void.

6. There is nothing in the contention that the plaintiff was barred of this action because she did not com-

[Dargin *et al.* v. Hewlitt.]

mence it within three years from the date when the purchaser became entitled to demand a deed therefor. She was in the adverse possession of the property herself, before and after the sale, and until the 22d of July, 1895, and this suit was commenced on the 30th September following. Section 606 of the Code has no application to such a case. The defendant must not only have been the purchaser with a tax-deed, executed and delivered in conformity to law, but must have been in the occupancy thereof, under such deed, for the period prescribed by the statute, to bar a suit by the owner in ejectment.—*Lassitter v. Lee*, 68 Ala. 287. Besides, the statute did not commence to run, as we have .repeatedly held, until the delivery and registration of the deed. There is no evidence that the deed was ever recorded.—*Hughes v. Anderson*, 79 Ala. 209 ; *Bolling v. Smith, Ib.* 536 ; *Jackson v. Kirksey*, 110 Ala. 547 ; Code of 1886, § 592.

The general charge should not have been given for the defendant.

Reversed and remanded.