# Parker v. Boutwell & Son.

*Bill in Equity to Remove Cloud on Title.*

119  297
122  171
119  297
124  340
119  297
141  662

1. *When bill insufficient under act of 1892.*—In a bill in equity under the original act "to compel the determination of claims to real estate in certain cases and to quiet the title to the same," (Acts, 1892-93, p. 42), an averment that no suit was pending to enforce or test the validity of such title, was essential to the maintenance of the bill.

2. *Cloud on title, what is.*—As to whether a deed is a cloud on title, the true test recognized by our decisions is, "would the owner of the property in an action of ejectment brought by the adverse party, founded upon the deed, be required to offer evidence to defeat a recovery? If such proof would be necessary the cloud would exist." If the instrument on its face is plainly illegal and void. there is no cloud and no necessity for equitable interference.

3. *Tax deed, void unless acknowledged and recorded.*—No title

passes under a tax deed until it is properly acknowledged and recorded.   (Code, 1886, §§592, 593.)

4. *Acknowledgment, when insufficient.*—The acknowledgment to a tax deed must conform to the statutory form of acknowledgments for conveyances, (Code, 1886, §1802), and when a certificate of acknowledgment does not contain the statutory phrase that the grantor was "informed of the contents of the conveyance," or words of equivalent import, it is fatally defective.

5. *Relief not granted, when not supported by the theory and averments of a bill.*—A bill filed to cancel a tax deed as a cloud on title, and to recover damages for an alleged conversion of personal property, cannot be maintained as a bill to ascertain the taxes due respondent for which he holds the lien of the state and county under Code of 1896, §4078, and to extinguish said lien by a set-off for such conversion, in the absence of proper averments of the existence of the lien, bringing complainant within the provisions of said section.

APPEAL from Pike Chancery Court.

Tried before Hon. JERE N. WILLIAMS.

The respondent demurred to the bill on the grounds that it is multifarious and without equity; and moved to dismiss the bill for want of equity. The chancellor rendered a decree sustaining the demurrer, granting the motion, and dismissing the bill. From this decree complainant appeals. All the material averments of the bill and prayer for relief are set out in the opinion.

R. L. HARMON, for appellant.—While the deed is void as a muniment of title, it was sufficient to pass a lien for the taxes for which the property was sold, and gave the purchaser a standing in a court of law to recover such taxes, interest and costs. It was a cloud on the title. Having acquired jurisdiction, the court should proceed to do full and complete equity by ascertaining the amount of the tax lien, and set-off against same the equitable demand for torts committed under color of the tax title.—Code of 1896, §§4078, 4083; *Turner v. White,* 97 Ala. 545; *Rea v. Longstreet,* 54 Ala. 291; *Smith v. Gilmer,* 93 Ala. 224; Code, 1896, §§809-813; 2 Encyc. of Law, (2d Ed.), 1021, 1022, 1017; Code of 1896, §35; *Kilgore v. Kilgore,* 103 Ala. 620; *Vick v. Beverly,* 22 So. 325; *Ware v. Russell,* 70 Ala. 174; *Price v. Carney,* 75 Ala. 546; *Hooper v. R. R. Co.,* 69 Ala. 529.

[Parker v. Boutwell & Son.]

A. C. WORTHY, *contra.*—The deed being void, no evidence would be required to defeat it; tax deeds are only presumptive evidence of the facts recited therein; this deed not reciting that notice of sale was given as required by law, the burden would be on the holder to establish such fact. It was, therefore, no cloud on the title, if in due form.—*Smith v. Gilmore,* 93 Ala. 224; *Johnson v. Harper,* 107 Ala. 706; *Dane v. Glennon,* 72 Ala. 160; 3 Brick. Dig. p. 767, §136; *Ib.* p. 768, §158; *Ib.* p. 469, §28; *Rea v. Longstreet,* 54 Ala. 291; *Lyttle v. Standifer,* 93 Ala. 396. The deed was void on its face. *Jackson v. Kirksey,* 110 Ala. 547.

HARALSON, J.—The bill in this case, it is true, avers that Boutwell & Son, the defendants below, and the appellees here, "assert and claim a right to said lands, and claim that they have a title to the same;" and the prayer, among other things, is that defendants "propound and make known to the court whatever claim, interest, title or right they have in and to the said land hereinbefore described, setting forth fully their title upon which said claim is based." Except for the foregoing averment and part of the prayer, there is nothing in the bill to indicate that it was filed under the act of December 10th, 1892, "To compel the determination of claims to real estate in certain cases, and to quiet the title to the same."—Acts, 1892-3, p. 42. Its frame, however, in other respects and its prayer do not so indicate, and it is lacking in other averments to bring it under said act. The prayer, taken as a whole, indicates it was filed for a different purpose, and upon a different theory, as will appear. That statute provides: "That when any person in peaceable possession of lands, whether actual or constructive, in this state, claiming to own the same, and his title thereto, or any part thereof, is denied or disputed, or any other person claims, or is claimed or reputed to own the same, or any part thereof, or any interest therein, and no suit shall be pending to enforce or test the validity of such title, claim or incumbrance, it shall be lawful for such person so in possession to bring and maintain a suit in equity to settle the title of said lands," etc. The bill was filed on the 12th of May, 1897, and must be construed as filed under the provisions of said act of 1892-3, as they originally appear therein. We hold, that, under this original act, the averment, that no suit was pending to

enforce or test the validity of such title, claim or incumbrance, was an averment essential to the maintenance of the bill. The present bill contains no such averment. The object of this necessary provision of the statute was, to show that complainant was in the "peaceable possession" of said land, undisturbed by pending litigation. Unless one should be in peaceable, undisturbed possession of the land, the condition upon which the statute authorizes a suit to be instituted thereunder, would not exist.—*Adler v. Sullivan,* 115 Ala. 583; *Loeb v. Woolf,* 22 So. Rep. 513.

The bill, in its general averments and prayer, was designed as one to remove a cloud on complainant's title to the land, and to recover damages for a tort committed by respondents in taking and removing from the land certain personal property described in the bill and converting the same.

The solicitor of the appellant makes in his brief a correct statement of the facts of the case, as follows: "The bill in this case was filed in office on May 12th, 1897, and seeks to have cancelled the deed executed by the judge of probate under a tax sale of certain land, said deed bearing date May 14th, 1894, which was * * * acknowledged and recorded and attached to the bill marked exhibit B. The bill, in the second and third paragraphs, shows that complainant bought the land and received a deed to it subsequent to the tax sale, and went into possession under his deed; that he also bought a mortgage from I. Loeb & Bro., which was transferred and assigned to him, and embracing said land, together with certain personal property described in the mortgage. Said deed and mortgage are attached to the bill, marked exhibits A and B. The bill alleges that the tax deed is regular on its face, * * * but that said deed is void for certain irregularities in the sale, specifically set out in the 4th paragraph of the bill." These averments are, substantially, that said land was never advertised for thirty days in a newspaper in Pike county, Alabama, once a week for three consecutive weeks preceding the sale; nor by posting notices of the time and place of sale in the manner required by statute; that a large portion of said property was personal property, and was never advertised as such, as is required by law; that at the time of said sale, the owners of the property, A. G. Par-

ker & Co., had more than sufficient amount of personal property in the county, which personal property was on said land, easily found by reasonable diligence by the tax collector, to pay said taxes, and there was no time, for two years prior to the sale in 1894, when they did not own a sufficient amount of personal property to pay all the taxes, costs and expenses for collecting the same, etc.

"The bill also charges (as the counsel continues to state), that Boutwell & Son, subsequent to the tax sale, carried away and converted to their own use, personal property described in the mortgage, which at the time of removal was on the land embraced in the tax deed; that they committed other trespasses on the property by tearing down certain houses on the land. The bill seeks to have the tax deed cancelled ('as a cloud upon complainant's title to said land and other property'), the amount due Boutwell & Son on account of their purchase for taxes, for which they have a lien, ascertained by the court and allowed to Boutwell & Son, and also have the court ascertain the value of the property taken away from said land and converted by them, which is embraced in the mortgage transferred to complainant."

In this statement of counsel, we have the unmistakable purposes of the bill, framed as we have said, not under said statute of 1892, but for the purpose of having a deed not void on its face, but which is alleged for certain extrinsic facts stated, to be void, declared void and cancelled as a cloud on the title of complainant to the land described, of which he is in possession, and to recover damages for a tortious removal from the land and the conversion of certain personal property which is fully described. All else tending to show a different object in its filing, is merely incidental and collateral to this main purpose. The sole inquiry, then, is, whether it can be maintained for these purposes.

If the bill cannot be maintained as one to cancel a cloud on complainant's title, there is no pretense that it can be sustained for the recovery of damages for the alleged tort. Directing attention first as to whether it can be maintained to remove a cloud on title, it may be said in repetition of an oft-repeated principle, that the true test recognized by our decisions is, "Would the owner of the property, in an action of ejectment brought by the adverse party, founded upon the deed, be required to offer evidence to defeat a recovery? If such proof

would be necessary, the cloud would exist; if the proof would be unnecessary, no shade would be cast by the presence of the deed. If the action would fall of its own weight, without proof in rebuttal, no occasion could arise for the equitable interposition of the court."—*Rea v. Longstreet,* 54 Ala. 291; *Torrent F. E. Co. v. City of Mobile,* 101 Ala. 559. If the instrument, on its face, is plainly illegal and void, there is no cloud, and no necessity for equitable interference.—6 Am. & Eng. Encyc. of Law, (2d Ed.), 153.

Section 592 of the Code of 1886, provides for the execution of a deed by the judge of probate to the purchaser, or person to whom the certificate of purchase has been assigned, to the real estate purchased, and that such deed, when properly acknowledged and recorded, shall convey to and vest in the grantee all the right, title, interest and estate of the owner of such real estate, etc. The next section—593—requires that the deed shall be "acknowledged before some officer authorized to take acknowledgments of deeds." We have heretofore held, that no title passes until the deed of the probate judge is both properly acknowledged and recorded; that a proper acknowledgment must be in the form prescribed by section 1802 of the Code, and that when a certificate of acknowledgment does not contain the statutory phrase, showing that the grantor acknowledged that he was "informed of the contents of the conveyance," or words of equivalent import, it is fatally defective as an attempt to comply with the provisions of said section 593 of the Code.—*Jackson v. Kirksey,* 110 Ala. 547; *E. T., V. & G. R. Co. v. Davis,* 91 Ala. 615; *Bolling v. Smith,* 79 Ala. 535; *Boykin v. Smith,* 65 Ala. 294; *Keller v. Moore,* 51 Ala. 340.

The certificate of acknowledgment of the deed of the judge of probate in this case, to the respondents, Boutwell & Son, the purchasers of said land at tax sale, and which the complainant would remove, in this proceeding, as a cloud on his title, does not contain the statutory phrase, that the grantor was "informed of the the contents of the conveyance," nor any words of equivalent import, nor does it appear that the deed was ever recorded. It did not operate to pass the title, and the deed being on its face, plainly illegal and void, does not constitute a cloud on

complainant's title, and there was no occasion for equitable interference. We need not consider the other question of multifariousness, so confidently relied on by appellees, since, if the bill cannot be sustained as one to remove a cloud on title, it has no standing, in any court, on the claim for the alleged tort for the taking and conversion of the personal property.

The appellant contends, that the bill may be maintained under sections 4078 (597) and 4083 (600) of the Code, the first of which provides, that "when the sale of any land sold for the payment of taxes is, for any cause, ineffectual to pass the title to the purchaser, except in the cases in which such sales are in this chapter expressly declared to be invalid, such sale shall operate as an assignment to the purchaser of the rights and liens of the state and county in and to the land sold." If a purchaser would maintain a bill for a lien acquired under these sections of the Code, he should, by proper averments, bring himself within their provisions, which, in this case, the complainant has made no attempt to do. There is nothing in the bill which sets up a lien in complainant, acquired from the state and county, or to show that he sought to maintain it on any such a theory. It purports on its face to be, and is confessedly one, as we have shown, by a party in possession of land, to remove an alleged cloud on his title, and to recover damages for an alleged tort for removing personal property therefrom, committed long before he acquired any claim to the land.

Affirmed.