# Stamphill *v.* Bullen.

## *Action for Trespass.*

1. *Latent ambiguity; parol evidence admissible to explain.*—In the construction of a written instrument or contract, a latent ambiguity appearing, parol evidence is admissible to explain and show the intention of the parties.

2. *Certificate of acknowledgment to deed, when defective.*—If the certificate of acknowledgment of a deed does not certify that the grantor was informed of the contents of the conveyance, or that he voluntarily executed the conveyance, it is insufficient, and the deed is not self-proving.

3. *Deed not recorded in time not self-proving.*—A deed is not self-proving when it was not recorded within the time prescribed by law, although properly acknowledged.

4. *Execution by wife must be proven to make a deed evidence which was made by her and husband of her separate property.*—Where the husband and wife join in a conveyance of her separate property in land, proof made by him, as a witness under section 1797 of the Code, of the execution of the deed by him will not authorize its introduction as evidence in the absence of proof of execution by the wife.

APPEAL from the Circuit Court of Franklin.

Tried before the Hon. THOMAS ROULHAC.

Action by William G. Stamphill v. LaFayette Bellen to recover damages for trespass on the land of plaintiff. The facts are sufficiently stated in the opinion.

(1). ALMON & BULLOCK, for appellant.—Parol evidence admissible to explain a latent ambiguity.—*Vann v. Lundsford,* 91 Ala. 581. (2). A deed not self proving when the certificate of acknowledgment fails to state that the grantors were informed of its contents. *Kellar v. Moore,* 51 Ala. 340.

JOHN T. EZZELL, *contra.*—Evidence in this case not admissible to show the description of the land.—*Sights v. Shoals,* 74 Ala. 382; *Cowley v. Shelbey,* 71 Ala. 122; 2

Devlin in Deeds, Sec. 1042; *Bond v. Fay,* 12 Allen, 80; *Truett v. Adams*, 66 Cal. 218; *Hicks v. Coleman,* 25 Cal. 143.

DOWDELL, J.—The rule has been long and well settled, that in the construction of a written instrument or contract, a latent ambiguity appearing, parol evidence is admissible to explain and show the intention of the parties.—1 Gr. Ev., § 297; *Guilmartin v. Wood,* 76 Ala. 204; *Van v. Lunsford,* 91 Ala. 576.

One of the boundary lines of the land conveyed by Stamphill to Bullen, as described in the deed was as follows: "Thence down said creek to W. G. Stamphill's mill race down said bank of said race to the section line," etc. The mill race mentioned, had been cut for the purpose of utilizing the water from a certain creek, and along this race an "artificial bank or levee" had been thrown up to prevent an overflow of the land by water from the race. This "bank or levee" ran in a "zig-zag" course, at some points within five yards of the race, at others a greater distance from the race. The trespass complained of was upon the strip of land lying between the race and the bank which had been thrown up to prevent overflow from the race. The defendant claimed that under the description contained in the deed he owned the land up to the race—that the bank of the race, was the land or earth that formed the race itself. There being two banks, the one which immediately formed the race, and the one which was thrown up to prevent an overflow of water from the race, this condition rendered it competent to show by parol evidence which bank was intended or meant by the description in the deed.

The certificate of acknowledgment to the deed of Stamphill to Bullen does not certify that the grantor was informed of the contents of the conveyance, or that he voluntarily signed the same. This was not a compliance with the statute and the certificate was therefore insufficient.—*Jackson v. Kirksey,* 110 Ala. 547; *East Tenn. Va. & Ga. R. R. Co. v. Davis,* 91 Ala. 615. The deed was not self-proving, and should not have

[Cofer v. Reinschmidt.]

been admitted in eviden.ce without proof of execution against plaintiff's objection.

Neither was the deed from Robert Bullen and Serena C. Bullen to LaFayette Bullen self-proving. This deed was not filed and recorded after its execution within the time prescribed by the statute necessary to render it self-proving.—Code 1896, § 992.

Section 1797 of the Code provides that "The execution of any instrument of writing attested by witnesses may be proved by the testimony of the maker thereof, without producing or accounting for the absence of the attesting witnesses." The defendant proved by Robert Bullen, who joined with his wife Serena Bullen in the conveyance, the land being the separate estate of the wife, his execution thereof, but no proof of the execution by the wife was made. The objection of the plaintiff to this deed should have been sustained.

For the errors pointed out the judgment of the circuit court is reversed and the cause remanded.