# Smith *v.* Watson.

### *Action of Ejectment.*

1. *Tax deed; insufficient to pass title without acknowledgment.* Proceedings to effect the sale of property and the tranmission of title thereto as a means of enforcing the collection of taxes, being authorized alone by statute, can operate only when had substantially in the mode prescribed by statute. Hence, a tax deed under section 592 of the Code of 1886, is insufficient to pass title without an acknowledgment substantially in the usual form.

[Smith v. Watson.]

Appeal from Birmingham City Court.

Tried before Hon. Charles A. Senn.

Ejectment by B. S. Watson as the administrator of Arthur Truss against Thomas L. Smith. The evidence was without conflict to the effect that the title to the land in controversy was in plaintiff's intestate at the time of his death; that defendant had been in possession for five years under a deed from the judge of probate to him founded on a tax sale; that the said deed was regular in form, but the certificate of acknowledgment was defective. So that the only question was whether or not such unacknowledged tax deed was effective to pass title.

E. J. Smyer, for appellant, contended that a tax deed could be attested as well as acknowledged, and cited, *Torrey v. Forbes*, 94 Ala. 142; *Jackson v. Kirksey*, 110 Ala. 547; *Parker v. Boutwell*, 24 So. Rep. 60. And also that whether the tax deed was valid or void, the occupancy of the land under it was a good defense to ejectment suit, where the deed was executed in conformity to law, and the defendant occupied the land adversely for five years.—*Lassiter v. Lee*, 68 Ala. 287; *Jones v. Randle*, 66 Ala. 266.

Geo. Huddleston and W. T. Hill, *contra*, contend that a tax deed is absolutely void unless duly acknowledged—attestation will not suffice to pass title.—*Flowers v. Jernigan*, 116 Ala. 516; *Jackson v. Kirksey*, 110 Ala. 547.

SHARPE, J.—Proceedings to effect the sale of property and the transmission of title thereto as a means of enforcing the collection of taxes, being authorized alone by statute, can operate only when had substantially in the mode prescribed by statute. Upon this ground it has been held that under section 592 of the Code of 1886, which provides that a tax deed shall convey the title when properly acknowledged and recorded, it is insufficient to pass title without an acknowledgment substantially in the usual form.—*Jackson v. Kirksey*, 110 Ala. 547; *Parker v. Boutwell*, 24 So. Rep. 860. The certifi-

cate of acknowledgment to the appellant's deed is fatally
defective and the decisions referred to are conclusive
authority against his contention that the officer's signa-
ture to a defective acknowledgment amounts to attesta-
tion by a witness and that such attestation when proven
can be a substitute for a proper acknowledgment.

The judgment will be affirmed.