259 So.2d 264

**UNITED STATES FINANCE COMPANY, a Corporation**

v.

**Rord Lee JONES et ux.**

**I Div. 709.**

Supreme Court of Alabama.

March 16, 1972.

Mayer W. Perloff, Mobile, for appellant.

Wilson Hayes, Bay Minette, for appellees.

MERRILL, Justice.

This appeal is from a decree quieting title in appellees to certain property in Baldwin County.

Appellees, Rord Lee Jones and wife, Claudine Jones, filed a bill of complaint in equity to quiet title to the property. After appellant's plea in abatement was overruled, it answered that it was the owner of a recorded mortgage on the suit property which had been executed on November 9, 1966 by appellees, that the mortgage had been assigned to appellant for a valuable consideration on the same day, that the assignment was also recorded, and the mortgage debt was in default. Appellant also filed a cross bill stating the same things as in the answer and seeking foreclosure of the mortgage, and the quieting of title in respondent-appellant.

At trial, appellees proved the chain of title and possession in themselves and rested. Appellant showed the mortgage debt was not fully paid, was in default, and introduced the mortgage and the assignment over objections of appellees. There was no ruling on the objections because the case was tried under the provisions of the so-called "lazy lawyer statute," General Acts 1943, p. 105, listed as Tit. 7, § 372(1) in the 1958 Recompilation.

The mortgage was executed by appellees on November 9, 1966 and the mortgagee was one William E. Bell, not a party to this suit. The assignment was dated that same day, in which William E. Bell assigned the mortgage to appellant.

The trial court granted appellees the relief sought in their bill and denied the relief sought by appellant in its cross bill.

The main question argued in brief is the validity of the acknowledgment to the assignment. Appellees cite cases which they contend hold that the assignment is bad, and appellant cites one case which it contends supports their claim of substantial compliance with the acknowledgment statute.

Title 47, § 30, Code 1940, contains forms for acknowledgments in this state. We are concerned with the first form—acknowledgment for individual. That form states in pertinent part:

"I * * * whose name is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, *being informed of the contents of the conveyance,* he executed the same voluntarily on the day the same bears date. * * *" [Emphasis supplied]

The pertinent part of the acknowledgment in the instant case was as follows:

"I, the undersigned, a Notary Public in and for said County, in said State, hereby certify that on this day personally appeared before me, an officer duly authorized to administer oaths and take acknowledgments William E. Bell and ———————————————————— to me well known to be the persons described in and who executed the foregoing assignment of Mortgage and duly acknowledged before me that they executed the same *for the purposes therein expressed* as their voluntary act and deed." [Emphasis supplied]

Emphasis has been given to the pertinent words in § 30 and the different words actually used in the acknowledgment.

Appellees objection to the assignment was that it was not properly acknowledged and is not a self-proving document.

Title 47, § 104, Code 1940, provides that conveyances of property or any interest therein which are acknowledged and recorded "may be received in evidence in any court without further proof." Appellant contends that the acknowledgment was in substantial compliance with the statute and, thus, was self-proving.

Appellees contend that the acknowledgment did not comply with the statute and, therefore, was not admissible. If not admissible, the decree is due to be affirmed.

In Roney v. Moss, 76 Ala. 491, the court said that the certificate to the mortgage offered in evidence did not substantially conform to the requirements of Section 2158, Code 1876 (now Tit. 47, § 30). "A noteworthy omission in the certificate is, that it fails to aver the grantors were informed of the contents of the conveyance."

In Parker v. Boutwell & Son, 119 Ala. 297, 24 So. 860, it was said:

"* * * We have heretofore held, that no title passes until the deed of the probate judge is both properly acknowledged and recorded; that a proper acknowledgment must be in the form prescribed by section 1802 (Tit. 47, § 30) of the Code, and that when a certificate of acknowledgment does not contain the statutory phrase, showing that the grantor acknowledged that he was 'informed of the contents of the conveyance,' or words of equivalent import, it is fatally defective as an attempt to comply with the provisions of said section 593 of the Code. Jackson v. Kirksey, 110 Ala. 547, 18 So. 304; E. T., V. & G. R. Co. v. Davis, 91 Ala. 615, 8 So. 349; Bolling v. Smith, 79 Ala. 535; Boykin v. Smith, 65 Ala. 294; Keller v. Moore, 51 Ala. 340."

In Stamphill v. Bullen, 121 Ala. 250, 25 So. 928, the court said:

"The certificate of acknowledgment to the deed of Stamphill to Bullen does not certify that the grantor was informed of the contents of the conveyance, nor that he voluntarily signed the same. This was not a compliance with the statute, and the certificate was therefore insufficient. Jackson v. Kirksey, 110 Ala. 547, 18 So. 304; East Tenn. Va. & Ga. R. R. Co. v. Davis, 91 Ala. 615, 8 So. 349. The deed was not self-proving, and should not have been admitted in evidence, without proof of execution, against plaintiff's objection."

In Carroll v. Carroll, 236 Ala. 556, 183 So. 857, the court stated that the "acknowledgment follows the Code form as prescribed by the Code of 1896, (same as Tit. 47, § 30) with the exception that following the words 'being informed,' the words 'of the contents' were omitted." The court also said:

"It is urged by appellees that this was a substantial compliance with the statute, for if Mrs. Carroll was informed of the instrument or conveyance, she was certainly informed of its content. We hold that the instant acknowledgment was insufficient in not reciting the fact that the grantor was informed of the contents of the conveyance."

The only case cited by appellant to the contrary is the case of Moore v. Bragg, 212 Ala. 481, 103 So. 452. The question there was whether the separate acknowledgment of the wife, which was then necessary to a deed, substantially followed the form prescribed by the law then in effect. The form required the acknowledgement to say, "came before me the said ———————— known to me to be the wife of the within [named] ————————." The acknowledgment merely omitted the word "named" and the certificate read "within W. A. Markham" instead of "within named W. A. Markham." This court correctly held that the omission of the word "'named" rendered the acknowledgment less grammatical but no less certain and stated the law in that type of case to be:

"A literal compliance with the statutory form, while always to be favored, is not exacted. If each fact required to be shown by the certificate is certified in language clearly in substance and effect the same as the statutory form, it is sufficient. * * *"

It is evident from the cases cited that the assignment in the instant case was not properly acknowledged and was, therefore, not effective to prove the mortgage or the acknowledgment without further proof. There was no further proof because appellant contended that the mortgage and the assignment were self-proving.

In Alabama, conveyances are not self-proving by reason of recording unless acknowledged or approved according to law. Butler v. Olshan, 280 Ala. 181, 191 So.2d 7; Redwine v. Jackson, 254 Ala. 564, 49 So.2d 115.

In Langley v. Andrews, 132 Ala. 147, 31 So. 469, the court quotes an attempted assignment and then says:

"* * * This assignment contained the necessary words of conveyance, and clearly showed an intention on their part to transfer the legal title to said Andrews, but it was neither acknowledged, as provided in section 984 of the Code, nor was it attested as provided by section 982, one or the other of which was necessary to be done, in order thereby to pass the legal title. Without the legal title, the appellee's intestate, J. E. Andrews, had no right to maintain this bill for a foreclosure, without making Innman & Co. parties defendant. The court should not order the sale of an imperfect title, one under which the purchaser would not acquire the legal title. * * *"

Appellant argues that the court erred in failing to give it relief on its cross bill because there is no answer to the cross bill in the transcript. Appellant cites in support of its argument the sentence in Equity Rule 25 which reads: "Averments not denied, nor confessed and avoided, shall be taken as admitted," and the statement from Bell v. Pritchard, 273 Ala. 289, 139 So.2d 596: "* * * Equity Rule 25, Title 7, Code 1940, declares that averments not denied, nor confessed and avoided, shall be taken as admitted. Also, the appellant in his answer should state clearly the defenses he intends to avail himself of, and he cannot avail himself of any defense which is not stated in his answer, even though it should appear in evidence. * * *" This statement was applicable to a situation where the complainant's bill to quiet title alleged that there was no suit pending, but there was no proof of such fact. This court held that since the allegation in the bill was not denied or put in issue by the answer, it was taken as admitted and proven.

Here, the cross bill was merely a rewrite of the answer with the addition that it sought foreclosure of the mortgage and that title to the property be vested in respondent.

The sole issue made out by the bill and answer was the validity of the purported assignment. If it was effective, then respondent would prevail, if not, complainants would prevail.

In Biddy v. Biddy, 284 Ala. 68, 222 So. 2d 162, we wrote:

"* * * An answer to an answer in equity is not proper. Matter in rebuttal to an answer filed in an equity case must be presented by amendment to the bill. —Equity Rule 27. But, of course, an answer to a cross bill is proper."

Here, the issue to be decided was framed by the bill and answer. The cross bill set out the identical defense as that of the answer, and requested affirmative relief that could be forthcoming only if the assignment of the mortgage was valid.

We have held that the assignment was not valid because it was not properly acknowledged under our statutory and case law. The issues raised by bill and answer and the cross bill were identical.

Conceding that there should have been an answer to the cross bill, still we think this is a good illustration of the fairness of Supreme Court Rule 45, which states in pertinent part:

"Hereafter no judgment may be reversed or set aside, nor new trial granted by this court or by any other court of this state, in any civil or criminal case * * * nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."

We cannot say that the failure to answer the cross bill, which was based on the identical question made by the bill and answer, probably injuriously affected substantial rights of appellant. Supreme Court Rule 45.

 "Equity looks through form to substance," Cousins v. Crawford, 258 Ala. 590, 63 So.2d 670, and in "the equity court we are interested in substantive justice rather than in the mere technicalities of procedure," Smith v. Bryant, 263 Ala. 331, 82 So.2d 411, and this "doctrine is sound and promotive of the ends of justice, which after all is the end and purpose of legal jurisprudence." Andress v. Parish, 239 Ala. 67, 193 So. 727.

Here, the instant case turns on one point —the adequacy of the acknowledgment of the assignment of the mortgage to appellant. That issue was reached under the bill and answer. If the assignment was properly acknowledged, title was in appellant and foreclosure was proper, but if the assignment was ineffective, as we have held, under the cited case of Langley v. Andrews, 132 Ala. 147, 31 So. 469, no title passed to appellant and he had no right to maintain a foreclosure.

The erroneous acknowledgment was on the instrument which was introduced into evidence by appellant. On its face, it showed that appellant had no title so as to entitle it to a foreclosure. To hold that the failure to answer the cross bill in this case admits that an invalid assignment on the face of the mortgage is valid just because the cross bill alleged that the mortgage was assigned to appellant is not "promotive of the ends of justice."

 Where an equity court had jurisdiction of the subject matter and the parties before it, the want of pleading may be waived and the unsuccessful party cannot later be heard to complain that no issue was arrived upon in the case, such objection being waived by the parties participating in the trial below, even to the extent of presenting witnesses. Greer v. Greer, 276 Ala. 421, 163 So.2d 707; St. Clair Industries, Inc. v. Harmon's Pipe & Fitting Co., 282 Ala. 466, 213 So.2d 201.

No reversible error has been presented. Affirmed.

LAWSON, HARWOOD and MADDOX, JJ., concur.

HEFLIN, C. J., concurs in the result.